LYMAN T. WELLIVER

*v.*

WILLIAM W. JONES *et al.*

*Filed at Springfield April 3, 1897.*

1. REAL PROPERTY—*what language in will creates an estate tail at common law.* A devise of real estate in the words, "To my wife (naming her) and her heirs by me," would create at common law an estate in fee tail in the wife.

2. SAME—*effect of statute on estate conveyed by a devise to testator's wife in tail.* By the provision of section 6 of the Conveyance act (Rev. Stat. 1874, p. 273,) a devise of land to the testator's wife and her heirs by him conveys a life estate to the wife, with remainder in fee simple absolute to her child by the testator.

3. SAME—*effect of death of remainder-man during existence of life estate.* Where land is devised to the testator's wife and her heirs by him, the estate in remainder is a vested one, and the fact that the remainder-man dies during the existence of the life estate does not change its vested character.

APPEAL from the Circuit Court of Douglas county; the Hon. EDWARD P. VAIL, Judge, presiding.

THOMAS W. ROBERTS, and JOHN H. CHADWICK, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Douglas county sustained a general demurrer to the bill filed by appellant in this case for partition, and dismissed the bill for want of equity.

The facts averred which are material to the question involved are as follows: Charles Welliver, the owner in fee of the tract of land sought to be partitioned, devised the same by his last will and testament in the following words: "To my wife, Morganna, and her heirs by me." He died January 13, 1880, leaving said Morganna Welliver, his widow, and Ama Welliver, their only child. Ama Welliver died intestate in September, 1880, leaving said Morganna Welliver, her mother, and complainant and others, her half brothers and sisters through former marriages of her said parents, as her only heirs-at-law. Morganna Welliver was afterward married to B. F. Coykendall, and they both died before this suit was commenced.

At the common law Morganna Welliver would have taken an estate in fee tail in the premises by virtue of the devise, and by section 6 of the act concerning conveyances, in force July 1, 1872, such an estate was changed to a life estate in her, with remainder in fee simple absolute to Ama Welliver, her heir by the testator. (*Butler* v. *Huestis*, 68 Ill. 594; *Blair* v. *Vanblarcum*, 71 id. 290; *Cooper* v. *Cooper*, 76 id. 57; *Lehndorf* v. *Cope*, 122 id. 317.) As the event upon which the estate in remainder was to take effect was one that must happen some time, that estate was a vested one, and the fact that Ama Welliver died during the existence of the life estate did not affect its vested character. (*Nicoll* v. *Scott*, 99 Ill. 529; *Smith* v. *West*, 103 id. 332; *Lehndorf* v. *Cope, supra*.) The title in fee simple so vested passed to the heirs of Ama Welliver upon her death, and it was wrong to sustain the demurrer.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*