JOHN S. FARNAM

*v.*

DANIEL S. THOMPKINS *et al.*

*Opinion filed February 14, 1898.*

1. DEEDS—*deeds will be so interpreted as to give effect to the intention of the parties.* Deeds will be so interpreted by the courts as to give effect to the intention of the parties thereto, if that can be done without contravening some established rule of law or public policy.

2. SAME—*when recital as to purpose of deed should not be rejected for repugnancy.* Where a quit-claim deed does not purport to convey a fee simple title, but merely "all interest" of the grantor, a recital therein that the deed was made to confirm the title to the grantee as heir of a party to whom the grantor's ancestor had conveyed the property, and to give effect to such ancestor's intention in making such conveyance, should not be rejected as repugnant to the words "all interest."

3. The court reviews the evidence in this case, and holds the trial court properly found that the complainants were the owners of an undivided one-half of the property sought to be partitioned, and that the defendant was the owner of an undivided one-half but not of the whole property, as claimed in his answer to the bill.

APPEAL from the Circuit Court of Bureau county; the Hon. DORRANCE DIBELL, Judge, presiding.

DUNHAM & FOSTER, for appellant.

RICHARD M. SKINNER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in chancery for partition of certain real estate, begun by appellees, against appellant and others, in the circuit court of Bureau county. The

complainants claimed to be the owners of one-half thereof as tenants in common, conceding the defendant Farnam owned the other half, while he, by his answer, claimed to be the owner of the whole. A decree was rendered in accordance with the prayer of the bill, and the defendant Farnam appealed.

The bill alleges that on the 21st day of November, 1859, Martin Thompkins was the owner in fee of the premises in question, and on that date, together with his wife, Mary Thompkins, executed a trust deed thereon to secure the payment of certain sums of money; that on December 16, 1865, default having been made in the conditions of the trust deed, the premises were sold under the power of sale contained therein, and purchased by one Justus Stephens; that on February 26, 1867, Justus Stephens, and Lurena, his wife, for and in consideration of $500 paid by Martin Thompkins, deeded the premises to Mary Thompkins, wife of Martin, "for and during her natural life, with remainder over to the heirs of said Martin," by which deed it was intended that the remainder "in said real estate and premises should be conveyed to the legal heirs of the said Martin Thompkins then living but since deceased, to-wit, to those persons who, at the date of the said deed, would have been the legal heirs of the said Martin Thompkins if he had then immediately departed this life; * * * that the same persons, exactly, who are now the legal heirs of the said Martin Thompkins, deceased, would, at the date of the said deed last above mentioned, have been the legal heirs if he had then, at the date of said deed, departed this life." The bill then shows that Mary Thompkins died on the 23d day of March, 1879, and that her husband, Martin Thompkins, survived her until May 2, 1891, when he died. It also appears from the bill that at the date of the deed from Stephens and wife the prospective heirs of Martin Thompkins were the complainants in this bill, Daniel S. Thompkins, (son of William Thompkins, deceased,) Andrew J., Martin L. and John G.

Thompkins, sons of John C. Thompkins, deceased, (being grandchildren of said Martin,) Elizabeth Farnam, (formerly Thompkins,) and Susan E. Lee, (formerly Thompkins,) daughters of the said Martin. It is further alleged that on the 8th day of December, 1888,—which was after the death of Mary Thompkins but during the lifetime of Martin Thompkins,—M. S. Templeton and others, the only heirs of Justus and Lurena Stephens, then deceased, by quit-claim deed conveyed all their interest in said premises to the defendant John S. Farnam, which deed contained the following recital: "It is hereby expressly declared that the purpose of this deed is to perfect the legal title of said lands in said John S. Farnam as purchaser from the heirs of Martin Thompkins, deceased, by releasing all claims and interest which said grantors may have as heirs of the aforesaid late Justus Stephens and Lurena Stephens, both deceased, who, by their deed of date February 28, 1867, conveyed said lands to Mary Thompkins for and during her natural life with remainder over to the heirs of Martin Thompkins, the husband of said Mary, the said Mary Thompkins having died prior to the death of her said husband, Martin Thompkins." It is further alleged that at the time of the making of said deed the said Farnam had purchased no interest in the said premises from the heirs of Martin Thompkins, except the interest of the said Susan E. Lee and her husband; also, that on the 19th day of March, 1894, which was after the death of the said Martin Thompkins, the same heirs of Justus and Lurena Stephens conveyed, by quit-claim deed, to the complainants in the bill, who were the said grandchildren of Martin Thompkins, one undivided half part of said premises, which deed contained the following recital: "Meaning and intending hereby to convey the one equal undivided fourth part of said real estate above described to the said Daniel S. Thompkins, the one equal undivided fourth part thereof to the said Martin L. Thompkins, Andrew J. Thompkins and John G. Thomp-

kins, together, having heretofore conveyed the undivided one-half part thereof to one John S. Farnam. It is hereby expressly declared by said grantors above named, that the purpose of this deed is to perfect the legal title to the said real estate conveyed in the said grantees above named, as heirs of Martin Thompkins, deceased, by releasing all claims and interests which the said grantors have or might have therein as heirs of the late Justus and Lurena Stephens, both deceased, who, by their deed of date the 26th day of February, 1867, conveyed the said lands to Mary Thompkins," etc., concluding as in the former deed to Farnam. A mortgagee under Farnam and his wife, and certain tenants, were made parties defendant to the bill.

It is insisted by the appellant that the decree of the circuit court is erroneous in finding that he was the owner of but an undivided one-half of said premises, he insisting that he is the owner of the whole. His contention is based upon the theory that by the deed of Stephens and wife to Mary Thompkins and the heirs of Martin Thompkins, the interest conveyed to said heirs was but a contingent remainder, conditioned upon their being heirs of Martin Thompkins at the death of Mary Thompkins, in whom the title in remainder could vest, and that as Martin Thompkins survived his wife, and hence at her death had no heirs, (*nemo est hæres viventis,*) the remainder failed, and the land reverted to the grantors, Stephens and wife, or their heirs, and that by the deed to him from Templeton and others, heirs of the said Justus and Lurena Stephens, of date December 8, 1888, he became vested of the sole title to the premises in fee simple. While the bill seems to admit that the conveyance by Stephens and wife was to Mary Thompkins for life, with remainder to the heirs of Martin Thompkins, the deed itself is not clear to that effect. Its language is: "This indenture," etc., "between Justus Stephens, of the county of Bureau, in the State of Illinois, and

Lurena Stephens, his wife, party of the first part, and Mary Thompkins, of the same place, for and during her natural lifetime, with remainder over to the heirs of Martin Thompkins, the husband of said Mary, party of the second part, witnesseth:   That the said party of the first part, for the consideration   *   *   *   have remised, released, sold, conveyed and quit-claimed unto the said party of the second part and the heirs aforesaid, forever, all the right, title and interest, claim and demand, which the said party of the first part have in and to the following described lots," etc.

It will thus be seen that the granting part of the deed does not purport to convey a life estate to Mary Thompkins and the remainder over to the heirs of Martin Thompkins, but that it is only by construing that part of the deed, together with the recital as to the parties of the second part, that an intention to convey a life estate with a contingent remainder over can be gathered.  While it is true that contingent remainders are recognized in this State, they are not favored, and we think it may well be doubted whether, under all the facts and circumstances shown in this case, together with the peculiar language of the deed, it should be held to create such an estate.   In our view of the case, however, it is unimportant to discuss that branch of it.   On the appellant's own theory, that upon the death of Mary Thompkins the title reverted to the heirs of Justus and Lurena Stephens, it cannot be held that his deed from those heirs vested the title to the whole of the premises in him.   That was a quit-claim deed of "all interest" in the premises, followed by the recital above quoted, clearly showing that the purpose of the deed was but to give effect to that which the grantors recognized as the intention of their ancestor in making the deed to Mary Thompkins and the heirs of Martin Thompkins.

The position of counsel for the appellant that this recital must be rejected as repugnant to the former clause

conveying "all interest," is untenable. The deed does not purport to convey the fee simple title to the property. (*Holbrook* v. *Debo*, 99 Ill. 372.) Certainly, there is no such inconsistency or repugnancy apparent upon the face of the instrument as to make it necessary to reject any part of the language used.

It is unnecessary to cite authorities in support of the proposition that all deeds, wills or other instruments will be so interpreted as to give effect to the intention of the party or parties thereto, if it can be done without contravening some established rule of law or public policy; and applying that rule to this deed, it is clear that appellant took under it only the interest which his wife and her sister, Elizabeth, could have taken as heirs of Martin Thompkins had he died prior to the death of his wife. To permit him, under this quit-claim deed, in consideration of one dollar, to become the absolute owner of all this property, in the face of the expressly declared intention of the grantors to the contrary, would be most inequitable and unjust, and violative of the clear intention of all the parties at the time of its execution. No rule of law, and certainly no public interest or policy, requires any such construction. That deed, as well as the subsequent one by the same parties to the complainants below, clearly shows that both the grantors and grantees understood that by the deed of Justus Stephens and wife to Mary Thompkins and the heirs of Martin Thompkins it was intended to convey a life estate to the wife, Mary, with remainder to those who should be the heirs of Martin Thompkins at his death, but that such intention was not expressed in that deed, or at least it was doubtful whether such intention was sufficiently expressed, and the object of both those deeds was simply to give effect to and carry out the real intention.

The decree of the circuit court will be affirmed.

*Decree affirmed.*