McDavid v. Bohn et al., 212 Ill. App. 534.

## Pauline Ruth McDavid, by W. Milton Berry, Appellee, v. Amanda L. Bohn and Bertha E. Lipe, Appellants.

1. WILLS, § 226*—*when intention of testator given effect.* In construing wills the intention of the testator, gathered from the language employed in the entire will, shall be given effect unless in so doing violence is done to some recognized rule of law.

2. WILLS, § 240*—*when technical words not strictly construed.* Where technical words or expressions are used and it appears that the will was drafted by a person unfamiliar with their use or technical meaning, a strict construction of them will not be carried out to the extent of defeating the obvious intention of the testator.

3. WILLS, § 262*—*when words "issue of her body" deemed words of purchase and not of limitation.* The intention of the testator in devising to his daughter "and the issue of her body" one-half of the personal property that he might own at his death, in one clause of his will, and, in another clause, giving to her one-half of all his real estate which he might own at his death to hold during her lifetime, and in providing that at her death it should be the property of her heirs at law, was to give the daughter a life interest in the real estate with remainder over to the daughter's child, and that the personalty should be equally divided between the daughter and granddaughter, the words "issue of her body" being words of purchase and not of limitation.

4. WILLS, § 264*—*what is meaning of words "issue of her body."* The words "issue of her body" are more flexible than the words "heirs of her body" and are more frequently interpreted as a synonym of children.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the June term, 1917. Affirmed. Opinion filed October 22, 1918.

HILL & BULLINGTON, for appellants.

LANE, DRYER & BROWN, for appellee; ALBERT M. KALES, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRAVES delivered the opinion of the court.

Jacob A. Bohn, deceased, left a will which is as follows:

"First: I want all my just debts and funeral expenses paid.

"Second: I give, and bequeath to my wife, Amanda L. Bohn, the house we now occupy, one-half of all other real estate of every kind or description, and one-half of all personal property I might own at the time of my death.

"If at the death of my wife, there should be any of the real or personal property left, it should then be the property of my daughter, Bertha E. McDavid.

"Third: I give to my daughter, Bertha E. McDavid, one-half of all the real estate I might own at the time of my death, to hold during her lifetime, and at her death to be the property of her heirs at law.

"Fourth: I give to my daughter, Bertha E. McDavid, and the issue of her body, one-half of the personal property that I might own at the time of my death.

"I appoint my wife, Amanda L. and my daughter, Bertha E. McDavid, executrix without bond, and ask the court not to call for a report of their acts."

Bertha E. McDavid, now Bertha E. Lipe, one of the appellants, at the time the will was drawn and at the death of the testator was his only child. She had as the only "issue of her body" one child, a daughter named Pauline Ruth McDavid, still in her minority. From the making of the will to the death of the testator all of the parties to this suit lived together in one household, as one family with the testator.

The controversy here is over the construction which must be given to the fourth clause of the will. Appellants contend that the words "and the issue of her body" contained in that clause must be construed to be words of limitation and that under that clause of the will so construed Bertha takes half of the testator's personal property absolutely. Appellee takes the position that those words are words of purchase and that

Bertha and her daughter Pauline take one-half of the personal property in common.

It is the recognized rule, for which no authority need be cited, that in construing wills the intention of the testator gathered from the language employed in the entire will shall be given effect, unless in doing so violence is done to some recognized rule of law. Where, however, technical words or expressions are used and it appears that the will was drafted by a person unfamiliar with their use or technical meaning, a strict construction of them will not be carried to the extent of defeating the obvious intention of the testator. *Johnson v. Askey*, 190 Ill. 58; *Smith v. Winsor*, 239 Ill. 577; *Armstrong v. Barber*, 239 Ill. 402; *Fenton v. Hall*, 235 Ill. 557; *Blackmore v. Blackmore*, 187 Ill. 102.

The language of this will stamps it as the work of a novice. So far as the meaning of technical expressions used in it is concerned, very little can be gathered to aid in determining what the intention of the testator was. A careful study of the will, however, discloses that the testator in his own mind made a distinction beween a devise to a named person without qualification, and a devise to a named person and others. The second clause gives in terms one-half of all his property to his wife, and suggests that at her death, if any of it is left, Bertha should have it. We are not called upon to determine what estate the wife takes under that clause, but we call attention to the fact that it is not given to his wife and "her heirs" or to the wife and the "issue of her body." Neither is the suggestion that Bertha should have what remained, if any, of the part given to the wife, qualified by any such words. The third clause undertakes to give to Bertha the other one-half of the real estate for life, remainder over to "her heirs at law." Of course by the rule in *Shelley's* case, Bertha took the fee in the property devised in that clause. The rule in *Shelley's* case overrides the recognized intention of testators, but its

application emphasizes the fact that the testator's intention was to provide for the other member of his family, his grandchild Pauline, the only heir at law of his daughter Bertha. Then comes the fourth clause, the one here in controversy, and the testator provides that the one-half of the personal property not given to the wife shall go to Bertha and the issue of her body. The issue of her body when the language was used was Pauline, the daughter of Bertha, the granddaughter of the testator and the remaining member of his family. We have no doubt that the intention of this testator, with regard to the portion of the property not given to the wife, was that Bertha should have a life interest in the real estate with remainder over to Pauline, and that the personal property should be divided equally between Bertha and Pauline. If he had intended to give the personal property as well as the real estate to Bertha for life with remainder over to Pauline, he would have coupled the personal property with the real estate in the third clause of the will. The fact that he disposed of the real estate and the personal property in separate clauses of the will is very persuasive of his intention to make distinct dispositions of the two kinds of property.

Appellants argue that even if the intention was to give half of the personal property to Pauline, yet the language employed, if it related to real estate, would create an estate tail, and that a limitation that would create an estate tail if applied to real estate when it is used in a devise of personal property passes the entire interest and therefore Bertha takes all and Pauline nothing of the personal property.

The language employed in the clause of the will under consideration is "I give to my daughter, Bertha E. McDavid, and the issue of her body," etc. The controlling question is are the words "the issue of her body" words of limitation or of purchase? In other words, do they define the *quantum* of *property* she

takes or the *title* which she has in it? Does Bertha take all of the personal property not bequeathed to the wife of the testator or does she take jointly in undivided equal parts? We are impelled by both reason and authority to hold that the true effect of this clause of the will is to give to Bertha and Pauline jointly the property described in that clause, and that upon the death of the testator Bertha and Pauline each became seized of an equal undivided one-quarter of the personal property of the testator.

"Our American doctrine favors a flexible construction of the word 'issue' according to the whole purport of the will under consideration, and while courts may take it as prima facie a word of limitation, like 'heirs of the body' in a devise, it becomes a word of purchase whenever the context prefers that meaning by using the words in a special or limited sense. And we may add that many of our local acts which change or abolish the rule in Shelley's case turn 'issue' as well as 'heirs' or 'heirs of the body' into words of presumable purchase. Indeed, American courts at this day are obviously disposed not to apply the rigid, technical rule we have described against the testator's apparent intent, to cases not literally within its scope.''

And in section 557 of the same work it is said:

"In bequests of personalty, on the other hand, there never was a technical rule requiring words of inheritance to be annexed to a simple gift; and technical expressions which have operated only to create a life estate or fee conditional, so far as land was concerned, will constitute an absolute gift when applied to personal property. * * *

"But while it is settled by numerous cases, English and American, that the expression 'heirs of the body' creates no estate tail in personalty, but rather confers the whole interest upon the first taker, it is doubtful whether the same distinction can avail where the word 'issue' is used instead. (Hawkins on Wills, 197; 2 Jarman on Wills, 566-573.) For a bequest to 'A and his issue' would be governed by the same rules, so far

as issue are concerned, as a gift simply to 'issue,' at the same time yielding to clear indication that the will meant to give not to 'A and the issue' as one class, but to 'A for life and then to the issue by way of remainder.' (*Parkin v. Knight*, 15 Sim. 83; Hawkins on Wills, 197, 198.) At all events, a bequest to a parent and his 'children' simply, gives prima facie to parent and children concurrently; although slight circumstances may show that the testator intended differently, for the rule in Wild's case does not apply to personal property.''

Our Supreme Court in the case of *Butler v. Huestis*, 68 Ill. 594 (603), said:

''If we are to interpret wills in the light of precedents, we ought to follow those that are most in harmony with the genius and laws of this country, and the manners and customs of its people.˙ We ought rather to be guided by those that would most effectually do justice, and not by such as would give an arbitrary and technical meaning to words never understood or contemplated by the testator, that may defeat all the objects of his beneficence, as manifested by the last solemn act of his life, in disposing of his property to those he may deem most worthy of his bounty.''

And this was quoted with approval in *Webbe v. Webbe*, 234 Ill. 448.

In the case of *In re Coulden*, L. R. [1908] 1 Ch. 320, the court said:

''The clause on which this question depends, though short, is exceedingly obscure. It is as follows: 'And on the death of either of my said executors I direct the survivor to sell the whole of my real and personal estate and cause the same to be equally divided amongst my then *surviving children and their respective issue.*'

''It is, I think, reasonably clear that, 'then surviving' means surviving at the period of distribution, and if the division directed had been a division amongst the testator's then surviving children, without more, those children only who survived the period of distribution must have taken by force of the words used, however capricious such an intention on the testator's part might have seemed to the court. The same result must

follow if, according to the true construction of the will, the words 'and their respective issue' are used as words of limitation defining the estate to be taken by the then surviving children. The first point, therefore, which arises for decision is whether the words 'and their respective issue' are words of limitation.

"In gifts of real estate the word 'issue' in a gift to A. and his issue, is, according to the decisions, prima facie a word of limitation creating an estate tail. The reason is that an estate tail in the ancestor is the only way of providing for all the issue of the ancestor, and the courts have assumed that in a devise to one and his issue the whole line of issue is intended. *There is no similar reason for holding that 'issue' is prima facie a word of limitation in gifts of personal property.* On the contrary, to hold 'issue' in such a case to be a word of limitation would, by conferring an absolute interest on the ancestor, deprive the issue of all benefits under the will. Therefore, *I do not think that there is any rule of construction compelling me to hold that in gifts of personalty 'issue' is prima facie a word of limitation.* That the word 'issue' may in gifts of personal property be a word of limitation no one doubts, but, in my judgment, whether it be so or not *is purely a question of construction* on each particular instrument, the court which has to interpret such instrument being unfettered by any general rule. Indeed, *by a gift of personalty to A. and his issue, it seems to me more likely that a testator means the issue to take jointly with or by substitution for A. than that A. should take to the exclusion of his issue,* and where there are words of division, such as a gift to divide between A. and his issue, it is, in my judgment, almost conclusive that the word 'issue' cannot be used as a word of limitation.''

The court in the case of *State v. Welch,* 175 Mo. App. 303, held that in a devise to "A" and the "*heirs* of her body" the words were words of purchase and not of limitation, and that under provisions of the will there under consideration "A" took a life estate and the heirs of "A" took an estate in remainder.

The words "issue of her body" are more flexible

than the words "heirs of her body" and are more frequently interpreted as a synonym of children. *Arnold v. Alden*, 173 Ill. 229; 23 Cyc. 363; and the words "issue," lawful issue, sons, daughters or children have been construed as words of purchase and not of limitation. *Hanes v. Central Illinois Utilities Co.*, 262 Ill. 86; *Schaefer v. Schaefer*, 141 Ill. 337; *Baker v. Scott*, 62 Ill. 86; *Butler v. Huestis*, 68 Ill. 594.

Further discussion would unduly extend an already too lengthy opinion. We hold that under the fourth clause of the will Jacob A. Bohn, his daughter Bertha and his granddaughter Pauline take jointly an undivided one-half of the personal property of which the testator died seized. This is the same conclusion the Circuit Court came to. The decree of the Circuit Court is therefore affirmed.

*Decree affirmed.*