(No. 14957.—Reversed and remanded.)

MARY L. STEARNS, Appellee, *vs.* SARAH MARIAN CURRY *et al.* Appellants.

*Opinion filed December 19, 1922.*

1. WORDS AND PHRASES—*meaning of the word "entail."* "Entail," as a noun, means a fee abridged or limited to the issue or certain classes of issue instead of descending to all the heirs.

2. WILLS—*technical words are not necessary to create an estate tail.* In a will technical words are unnecessary to create an estate tail, and any words which indicate an intention to create an estate which shall pass to the lineal descendants of the devisee or to heirs who are the issue of a particular person are sufficient.

3. SAME—*when devise creates an estate tail.* A devise of land "by entail" to the testator's daughter, to be hers for her natural life and at her death to be divided equally among her heirs, share and share alike, creates an estate tail at common law, which section 6 of the Conveyance act converts into an estate for life in the daughter with remainder in fee simple to the heirs of her body.

4. SAME—*when remainder after an estate tail is vested.* Where the first taker of an estate tail, who is the life tenant under the

statute, has a child living when the estate is created, the remainder is vested in such child subject to open to let in after-born children but not subject to be defeated by the death of any remainderman, as in such case the remainder, being a fee, descends to the remainder-man's heirs.

APPEAL from the Circuit Court of Warren county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

GEORGE V. HELFRICH, for appellant Sarah Marian Curry.

E. P. FIELD, guardian *ad litem,* for minor appellants.

IRA J. O'HARRA, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

By the fifth paragraph of his will, executed in 1903, David L. Crawford made a devise in the following language:

"*Fifth*—I give and bequeath by entail unto my daughter, Mary L. Stearns, the southeast quarter of section thirty-one (31), also the west half of the southwest quarter of said section thirty-one (31), both tracts or pieces of land being in township 8, north, range 1, west, in the county of Warren, in the State of Illinois, to be hers and during her natural life, and at her death it is my will that it be equally divided between her heirs, share and share alike."

A similar devise of a lot in the city of Bushnell followed, and the paragraph concluded with a conditional charge of $1700 on the two devises.

The testator died on November 26, 1919, and his will was admitted to probate. Mary L. Stearns filed a bill to the May term, 1922, of the Warren county circuit court, praying that a construction be given to the fifth paragraph of the will declaring her to be the owner in fee simple of the property devised by it. Mrs. Stearns is fifty-two years old. She has only one child, Sarah Marian Curry, who has one child only, Lawrence B. Curry, a minor. The com-

plainant has no other descendants but has several brothers and sisters, who have children. She has also a grand-nephew, Hugh J. Crawford, a minor, who is the only descendant of a deceased brother. These are her only heirs presumptive. All were made parties to the bill and all defaulted except Sarah Marian Curry, who answered, and the two minors, for whom a guardian *ad litem* was appointed and answered. The cause was heard. A decree was entered construing the will in accordance with the prayer of the bill. Sarah Marian Curry has appealed, and errors have been assigned by her and by the minor defendants.

The appellee insists that under the rule in *Shelley's case* the devise of the land to her for life and of the remainder to her heirs gives her a fee simple estate; the appellant, that the words "by entail" restrict the remainder to the heirs of the body and the estate granted would be a fee tail, which the statute converts into a life estate in the appellee with remainder in fee to the appellant; the minors, that the devise is of a life estate to the appellee with remainder to her heirs, which is necessarily contingent until her death.

The devise was of the land to Mary L. Stearns for life, and that at her death "it be equally divided between her heirs, share and share alike," and if this were all, the rule in *Shelley's case* would apply and the devisee would take the estate in fee simple. (*Cook v. Sober,* 302 Ill. 498.) This interpretation, however, takes no account of the words "by entail," which the appellant claims had the effect to limit the heirs to heirs of the body. "Entail," as a noun, means a "fee abridged or limited to the issue or certain classes of issue instead of descending to all the heirs." (Bouvier's Law Dict.) At common law the word "heirs" was necessary to create a fee tail as well as a fee simple, and the most appropriate mode of creating the former estate was by a conveyance or devise to the grantee "and the heirs of his body." Words of procreation were necessary but might be supplied by other words than "of his body," restraining

the general import of the word "heirs" to the lineal descendants of the grantee. (1 Tiffany on Real Prop. sec. 26.) In a will, however, technical words are unnecessary, and any words which indicate an intention to create an estate which shall pass to the lineal descendants of the grantee are sufficient. (Ibid.) "Many times the law dispenses with the want of words in devises that are absolutely requisite in all other instruments. Thus, a fee may be conveyed without words of inheritance and an estate tail without words of procreation." (2 Blackstone's Com. 381; Ibid. 115.) An estate tail may be created by a will without the formal language usually employed for that purpose, and any expression showing an intention to devise a fee descendible to lineal heirs is sufficient to create a fee tail by the rules of the common law. (*Kolmer* v. *Miles*, 270 Ill. 20.) There is no special efficacy in any particular form of words used. All that is necessary is that in addition to the limitation to heirs it should appear that the heirs were to be the issue of a particular person. (*Lehndorf* v. *Cope*, 122 Ill. 317.) Under a devise of all the residue of a testator's real and personal estate to A and his sons in tail male, and for want thereof to B and his sons in tail male, and on failure of such issue to the testator's own right heirs, neither A nor B had issue at the making of the will or the testator's death and A died without issue, and it was held that B took an estate tail male. (*Wharton* v. *Gresham*, 2 Blackst. 1083.) The words "by entail" could refer only to an estate limited to the issue of the devisee, and the word "heirs" was restricted by these words to heirs of the body.

The devise would have created an estate tail at common law, which section 6 of the Conveyance act converted into an estate for life in the devisee with remainder in fee simple to her daughter. (*Lehndorf* v. *Cope, supra*; *Welliver* v. *Jones*, 166 Ill. 80; *Kyner* v. *Boll*, 182 id. 171; *Moore* v. *Reddel*, 259 id. 36.) The remainder is vested, and though subject to open to let in after-born children is

306—7

not subject to be defeated by the death of the remainder-man, but in such case descends to the remainder-man's heirs. *Voris* v. *Sloan,* 68 Ill. 588; *Frazer* v. *Board of Supervisors,* 74 id. 282; *Lewis* v. *Pleasants,* 143 id. 271; *Ætna Life Ins. Co.* v. *Hoppin,* 249 id. 406; *Jones* v. *Makemson,* 293 id. 534; *Kyner* v. *Boll, supra; Welliver* v. *Jones, supra.*

Since the remainder after the life estate of the appellee is vested in the appellant there is no contingent remainder.

The decree is reversed and the cause remanded, with directions to enter a decree in conformity with this opinion.

*Reversed and remanded, with directions.*