(No. 18405.—

CHARLES LEROY BEALL *et al.* Appellees, *vs.* EDMOND LANE BEALL *et al.* Appellants.

*Opinion filed June 23, 1928.*

E. J. VERLIE, guardian *ad litem,* for appellants.

HENRY S. BAKER, for appellees.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Edmond Beall died testate in the city of Alton on January 31, 1920. His will and codicil thereto were admitted to record by the probate court of Madison county. The second and eleventh sections of the will are as follows:

"*Second*—I hereby give, devise and bequeath unto my wife, Mary E. Beall, my residence at No. 407 E. Twelfth street, Alton, Illinois, together with the contents thereof, in the way of furnishings, etc., for and during the term of her natural life, and the sum of one thousand five hundred ($1500) dollars cash, to be paid to her within three (3) months, after my decease, said money to be her absolute estate forever, and to be in lieu of any widow's dower or allowance under the statutes of the State of Illinois."

"*Eleventh*—Upon the death of my said wife, Mary E. Beall, it is my will, and I hereby give, devise and bequeath unto my son, Edmond Harris Beall, my homestead, located at No. 407 East Twelfth street, in the city of Alton, together with all the furniture and effects therein contained; said son to have and to hold all of said property for and during the term of his natural life, with no right to sell, convey or mortgage the same however, and at his death said property, together with all the furnishings therein, to vest in fee, in his children and grandchildren, share and share alike, if any there be. Should my said son, Edmond Harris Beall, die, no children or grandchildren him surviving, then, in such event, the property herein devised unto him for life shall vest in my remaining children, share and share alike, the children of any deceased child or children to take the parent's share."

Mary E. Beall, the testator's widow, died on April 13, 1925, and her life estate created by the second section of the will became extinguished. Edmond Harris Beall, the life tenant under section 11, thereupon took possession of the property. He has two minor children, Edmond L. Beall and Helen M. Beall, both of whom were living when their grandfather, the testator, died. On September 1, 1926, Edmond Harris Beall and Nell L. Beall, his wife, by a warranty deed conveyed to Charles Leroy Beall, another son of the testator, an undivided one-tenth interest in the property described in the eleventh section of the will. This deed was filed for record on September 11, 1926. Thereafter Charles Leroy Beall, the grantee in the deed, and Harriet B. Beall, his wife, instituted suit in the circuit court of Madison county for the partition of the property against Edmond Harris Beall and Nell L. Beall, his wife, and Edmond L. Beall and Helen M. Beall, minors. The bill was taken as confessed by the adult defendants. A guardian *ad litem* was appointed for the minor defendants, and he filed a demurrer to the bill in their behalf. The demurrer was over-

ruled, the guardian *ad litem* elected to stand by the demurrer, and a decree for partition was rendered. From that decree the minor defendants prosecute this appeal.

Appellants contend that the title to the real estate in question is vested in them in fee simple, subject only to the life estate of Edmond Harris Beall, and that appellees can not maintain a bill for partition of that real estate against them. Appellees, on the contrary, insist that the eleventh section of the will is governed by the rule in *Shelley's case,* and that, consequently, Edmond Harris Beall took the whole estate. Both appellants and appellees agree that, to determine this question, only the provisions of the eleventh section need be considered; that if the rule in *Shelley's case* is applicable the demurrer of appellants was properly overruled, and that if the rule has no application the circuit court should have sustained the demurrer and dismissed the bill for want of equity.

The rule in *Shelley's case* is defined by Preston as follows: "When a person takes an estate of freehold, legally or equitably, under a deed, will or other writing, and afterward, in the same deed, will or writing, there is a limitation by way of remainder, with or without the interposition of any other estate, of an interest of the same quality, as legal or equitable, to his heirs generally or his heirs of his body by that name in deeds or writings of conveyance, and by that or some such name in wills, and as a class or denomination of persons to take in succession from generation to generation, the limitation to the heirs will entitle the person or ancestor himself to the estate or interest imported by that limitation." (1 Preston on Estates, 263; *Baker* v. *Scott,* 62 Ill. 86.) Chancellor Kent's definition is: "When a person takes an estate of freehold, legally or equitably, under a deed, will or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality to his heir or

heirs of his body, as a class of persons to take in succession from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate." (4 Kent's Com. 215.) This statement of the rule, either fully or in a condensed form, is found in many authorities, among which are: *Beacroft* v. *Strawn*, 67 Ill. 28; *Vangieson* v. *Henderson*, 150 id. 119; *Deemer* v. *Kessinger*, 206 id. 57; *Johnson* v. *Buck*, 220 id. 226; *Miller* v. *Mowers*, 227 id. 392; *Lord* v. *Comstock*, 240 id. 492; *Winter* v. *Dibble*, 251 id. 200.

The rule in *Shelley's case,* Hayes says, "assumes and founds itself upon two pre-existing circumstances: a freehold in the ancestor, and a remainder to the heirs. The absence of either of these ingredients repels the application of the rule; their concurrence irresistibly invites it." (1 Hayes on Conveyancing,—5th ed.—542; Kales on Estates and Future Interests,—2d ed.—sec. 413.) It is admitted that the ancestor, Edmond Harris Beall, has a freehold. By the other requisite, the whole line of heirs in succession from generation to generation must take,—that is, they must take as heirs and not as designated persons. The inquiry necessarily follows whether the testator intended that the remaindermen should take as heirs of the life tenant, or, originally, as the stock of a new inheritance. (Note on Rule in Shelley's case, 29 L. R. A. (n. s.) pp. 1012, 1013.)

To bring the rule into operation the word "heirs," in its technical sense as importing a class of persons to take indefinitely in succession, or some equivalent expression, must be used in limiting the remainder. (*Hanes* v. *Central Illinois Utilities Co.* 262 Ill. 86; Note on Rule in Shelley's case, 29 L. R. A. (n. s.) pp. 1000, 1001.) The fact that a remainder to heirs is required excludes the application of the rule in a case where the remainder is to "children," to take either as individuals or as a class, under what is termed as a *descriptio personæ,* as distinguished from a limitation embracing the line of inheritable succession. The words "child" and "children" are not technical legal terms to which

a fixed and determined meaning must be given regardless of the sense in which they are employed, but they are flexible and subject to construction, in order to give effect to the testator's intention. (*Greenfield* v. *Lauritson,* 306 Ill. 279; *Connor* v. *Gardner,* 230 id. 258.) The word "children," however, aided by the context, may mean "heirs." On the contrary, the word "heirs," when restrained by the context, may have only the force of the word "children," in which case the rule has no application. To accomplish this result there must be something on the face of the instrument to indicate with a sufficient degree of certainty that "children" is meant. (*Stisser* v. *Stisser,* 235 Ill. 207; *Dick* v. *Ricker,* 222 id. 413; *Hanes* v. *Central Illinois Utilities Co. supra;* 1 Hayes on Conveyancing,—5th ed.—sec. 543; Kales on Estates and Future Interests,—2d ed.—sec. 414.) Whether the second limitation is a remainder to the "heirs" as distinguished from "children" is purely a question of the construction of the instrument according to proper rules and principles of interpretation. Kales on Estates and Future Interests, (2d ed.) sec. 414.

The testator by the eleventh section of his will devised a life estate in the homestead to his son, Edmond Harris Beall. The section further provides that upon the latter's death the property shall "vest in fee, in his children and grandchildren, share and share alike, if any there be." Neither the word "heirs" nor any equivalent is used in the eleventh section of the will. There is nothing in the section to indicate that the words "children and grandchildren" are to be understood in any other than their natural and ordinary meaning. The mere conjoint use of words indicative of only two degrees of consanguinity does not convey the idea of unlimited succession. The word "children," when used instead of the word "heirs," is a word of purchase and not of limitation. The use of the word "children" is the designation of persons to take originally in their own right, and in such a case the ancestor takes only

a life estate and the children take the remainder by purchase. *Baker* v. *Scott, supra; Beacroft* v. *Strawn, supra; Schaefer* v. *Schaefer,* 141 Ill. 337; *Chapin* v. *Crow,* 147 id. 219; *Hanes* v. *Central Illinois Utilities Co. supra.*

The fact that the testator did not use the words "children and grandchildren" in the sense of comprehending the whole line of heirs in succession from generation to generation, but only the individuals who will answer the description of the life tenant's children and grandchildren at the time of his death, is shown by the provision that upon the death of the life tenant the fee to the property in question shall vest in his children and grandchildren, share and share alike. The use of the words "share and share alike," or equivalent words, usually imports an intention to divide the property devised *per capita* unless other words in the will indicate that a division *per stirpes* is intended. (*Kelley* v. *Vigas,* 112 Ill. 242; *Richards* v. *Miller,* 62 id. 417.) A division among the children and grandchildren *per capita* shows that the testator did not intend that they should take as heirs of the life tenant.

The cardinal rule in the construction of wills is to ascertain the intention of the testator as expressed in his will and to give it effect unless he has attempted to dispose of his property contrary to some rule of law or public policy. (*Brill* v. *Green,* 316 Ill. 583; *Blinn* v. *Gillett,* 208 id. 473; *Black* v. *Jones,* 264 id. 548.) It is manifest that he intended an original taking of the remainder by the persons designated in their individual capacities and not in the character or quality of heirs. Hence the rule in *Shelley's case* has no application to the eleventh section of the will.

The decree of the circuit court of Madison county is reversed and the cause is remanded to that court, with directions to sustain the demurrer to the bill.

*Reversed and remanded, with directions.*