(No. 26825.—

AURA V. HENRY *et al.*, Appellees, *v.* CLAUDE METZ *et al.*—
(CLAUDE METZ, Appellant.)

*Opinion filed Nov. 18, 1942—Rehearing denied March 10, 1943,
and petition of cross appellants for rehearing stricken.*

GREENEBAUM & BURNS, for appellant.

JAMES & DOLGIN, and TUESBURG & ARMSTRONG, for appellee Aura V. Henry.

E. A. SIMMONS, for other appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellee Aura V. Henry, brought her suit in equity in the circuit court of Livington county for the partition of certain land. The interests of the parties depend upon the construction of the deed to the real estate involved, to determine the interests of the parties named therein. The construction claimed by appellant would give him a greater portion of the land than decreed by the circuit court, and hence a freehold is involved.

The real estate in question is the south half of the northeast quarter, and the northwest quarter of the northeast quarter of section seven, township twenty-nine north, range seven east of the third P. M., in Livingston county. This was a part of the estate of Peter Metz, who died intestate in February, 1894, leaving surviving a widow and

six children, including Thomas J. Metz. He owned considerable other land, and on March 5, 1894, his widow and children partitioned his estate by executing and delivering deeds to the different portions among the several children, or by making money payments. The part allotted to Thomas J. Metz was conveyed to him by a deed signed by all of the cotenants and by the widow of Peter Metz, but was not signed by himself.

The deed is substantially as follows: "The Grantors, Angeline J. Metz, [et al.] * * * convey and warrant to Thomas J. Metz the following described real estate [describing.] The estate of said grantee in said premises is limited to a life estate and the remainder in fee simple to the children and heirs at law of said grantee." Inasmuch as Thomas J. Metz, as heir-at-law of Peter Metz, had a one-sixth interest in the estate of his father, and did not sign the deed, it was effective to pass title to the grantee in an undivided five-sixths part thereof only, instead of the whole, which is a fact to be kept in mind in ascertaining the interests of the parties.

At the time of the delivery of the deed Thomas J. Metz had two children, the plaintiff, Aura V. Henry, and the defendant Claude Metz. His wife died about a year after the deed was delivered. He married again, and a third child, Neta V. Metz, was born about 1910. At the time of his death he was survived by Mabel M. Metz, his second wife and widow. In 1910 Thomas J. Metz and Mabel M. Metz conveyed by quitclaim deed to the defendant Mabel M. Metz, the east 48 acres of the south half of the northeast quarter of section seven; and December 27, 1917, Claude Metz, by virtue of a sheriff's deed, acquired the interest of Thomas J. Metz in all of the described land.

The proper determination of the case depends upon a construction of the deed made to Thomas J. Metz in 1894 by the widow and other children of Peter Metz. The trial court held Thomas J. Metz took a life estate in said land,

and his three children, Aura V. Henry, Claude Metz and Neta V. Metz, took the remainder in fee. The correctness of this decision is questioned by appellant, and also by appellees Mabel M. Metz and Neta V. Metz, by cross appeal.

The deed was in the statutory form, without words of inheritance, and therefore its construction is governed by sections 9 and 13 of the Conveyance Act. Section 13 provides every estate in lands so conveyed, without words of inheritance, "shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed, or devised by construction or operation of law."

The problem in this case is one of construction. In the construction of deeds, wills, contracts and other instruments in writing the courts seek to ascertain the intention of the parties, and the intention, when found, will be given effect if it is consistent with the language used and with the law and with public policy. (*Anderson* v. *Stewart,* 285 Ill. 605; *Bear* v. *Millikin Trust Co.* 336 id. 366; *Woods* v. *Seymour,* 350 id. 493.) All clauses manifesting the grantor's intention must be given effect, unless they violate the law. (*Farmer* v. *Reed,* 335 Ill. 156; *Williams* v. *Swango,* 365 id. 549.) In construing a deed, effect must be given to each clause or term employed by the parties, rejecting none as meaningless or surplusage. *Woods* v. *Seymour, supra; Tallman* v. *Eastern Illinois and Peoria Railroad Co.* 379 Ill. 441.

In ascertaining and giving effect to the intent of the parties to a deed, the courts are not confined to a strict and literal construction of the language used, when to do so would frustrate the intent of the parties. (*Kearney* v. *Kirkland,* 279 Ill. 516; *McCoy* v. *Fahrney,* 182 id. 60; *Magnolia Petroleum Co.* v. *West,* 374 id. 516.) In construing a deed, surrounding or attendant circumstances may be considered, if in them there is any evidence to indicate

the construction placed on the words by the parties in the deed, (*Williams* v. *Swango, supra,*) as well as the practical construction of the instrument by the parties. *Farnam* v. *Thompkins,* 171 Ill. 519; *Craig* v. *Rupcke,* 274 id. 626; *Williams* v. *Swango, supra.*

The correct determination of this case does not depend upon the meaning of the words in the limiting clause of the deed, but rather to what persons the words apply. If the words "and heirs at law" apply to Thomas J. Metz, one result will follow, and if they apply to the children of Thomas J. Metz a quite different one will obtain. There is no occasion to consider the application of legal principles until that question is determined.

It must be remembered in this case that when Peter Metz died Thomas J. Metz was the owner in fee of an undivided one sixth of the real estate of his father, subject to a dower right on the part of the widow. This interest could be obtained in severalty by him, either by parol partition among the heirs, or by a partition proceeding in court. It is important to keep this in mind in determining whether certain words claimed to vest a fee in Thomas J. Metz by the deed under consideration were used with reference to him, or were intended to apply to his children. When the deed from the other heirs was made in the partition proceeding it was in the ordinary statutory form, which would have granted a fee had it not been for the express limitation contained in the words "The estate of said grantee in said premises is limited to a life estate, and the remainder in fee simple to the children and heirs at law of said grantee." Thomas J. Metz also already had a fee, which was undivided, but he accepted a deed which expressly limited his estate to one for life, and it is now claimed the use of the words "and heirs at law of said grantee" operated to again vest him with the full fee-simple title. This contention is clearly at variance with the apparent

intention of the parties, and it grows chiefly out of assuming that the words "heirs at law" are applied to the grantee instead of to the children of the grantee.

In the family adjustment the intent to limit Thomas J. Metz to a life estate is clear, but since he was entitled to the fee in one sixth of the land it would be natural to provide that the children of Thomas J. Metz should have the remainder in fee simple, when he took for himself only a life estate. The construction placed upon the deed by the heirs-at-law of Peter Metz, and by Thomas J. Metz and his children, was indicated on an occasion when it became necessary to have the partition deeds reformed in order to correct descriptions. In 1923 a proceeding was brought in the circuit court of Livington county on behalf of Ernest P. Metz, one of the other heirs, because it appeared that part of the land that was to go to Ernest P. was included by mistake in that of Thomas J. Metz, and it was alleged in the complaint in the case and found in the decree that the interest conveyed in the Thomas J. Metz deed was only for life, with the remainder *to his children*. To this proceeding all of the heirs-at-law of Peter Metz, as well as of Thomas J. Metz, and his children and wife, and unborn children were made parties, and no suggestion appears that any different construction of the deed to Thomas J. Metz was urged upon the court.

While we do not regard this last proceeding as *res judicata* of the proper construction of the deed under consideration, we do regard it in the nature of a construction by the persons interested in it, and as giving us some light upon the actual intention of the parties. The holding of the court in that case, and the practical construction placed upon the deed by persons interested in the land, as well as the actual intent declared in the deed indicate "and heirs at law" referred to the children of Thomas J. Metz and not to Thomas J. Metz, the grantee. In other words every circumstance, including the fact there is some evidence of

the improvident character of Thomas J. Metz, indicates the parties prepared and construed this deed as though it read "and the remainder in fee simple to the children of said grantee, and their heirs at law," or "to the children and their heirs at law, of such grantee."

In the construction of deeds we are not bound to read the language literally as it appears in the instrument, but read it so as to arrive at the true intent of the parties, and when the matters both before and subsequent to the delivery of the deed are taken into consideration it appears that such a construction would be consistent with the desires of the parties, while one which made the heirs apply to Thomas J. Metz would be not only inconsistent and repugnant to what was actually said in the deed, but also obviously would result in what the heirs of Peter Metz sought to avoid.

In *McCoy* v. *Fahrney, supra,* the authorities upon the question of enlarging or limiting language of a deed by the attendant circumstances and objects had in view, to ascertain the real intention, are fully reviewed, and the power to do so amply sustained. In that case language that specifically referred to all the children of a second wife was held to mean all of the children of such wife as were children of grantor, but not of children of a later marriage of the wife. In *Williams* v. *Swango, supra,* the principle was applied by holding a reversion in real property did not come within the terms "seized and possessed," when the surrounding circumstances were considered.

Having ascertained that a proper construction of the language used in the limiting language means remainder in fee simple to "the children (of grantee) and their heirs at law," instead of remainder to the heirs-at-law of Thomas J. Metz, we can apply the rules of law and decide the interests of the parties. A deed or devise to one having a freehold estate for life, with the remainder to children or grandchildren, does not bring the conveyance within the

rule in *Shelley's case,* as words "children" or "grandchildren" are words of purchase and not words of limitation. *Beall* v. *Beall,* 331 Ill. 28; *Baker* v. *Scott,* 62 id. 86; *Beacroft* v. *Strawn,* 67 id. 28; *Schaefer* v. *Schaefer,* 141 id. 337; *Chapin* v. *Crow,* 147 id. 219; *Hanes* v. *Central Illinois Utilities Co.* 262 id. 86.

Under these holdings Thomas J. Metz was limited to a life estate in the property. There were two children who were living at the time the deed was delivered, and their vested interests were not limited by the word "heirs," as a conveyance to "A and his heirs" both at common law and under the statute conveys a fee simple. (*Wolfer* v. *Hemmer,* 144 Ill. 554, and cases cited therein.) After the delivery of the deed another child, Neta V. Metz, was born. Relying upon *Miller* v. *McAlister,* 197 Ill. 72, *Faloon* v. *Simshauer,* 130 id. 649, and similar decisions, appellant urges that only children who were ·in existence at the time of the delivery of the deed can take. These decisions hold that in the case of the conveyance by deed of a present estate in possession to a named grantee and his children, only those children in being at the time of the delivery of the deed can take under the conveyance, because of the rule that grantees in a deed must be in existence in order for the deed to operate to convey title. In none of the cases cited was the gift to children one following a preceding life estate to their ancestor. The question presented in this case is whether the rule in *Miller* v. *McAlister, supra,* and like cases, should be extended to the present case where a preceding life estate has been granted by the deed.

We find no case in Illinois deciding whether an after-born child participates in case a life estate is created, with remainder to the children of the life tenant. However, a situation closely analogous arises by the application of section 6 of the Conveyance Act to deeds which, under

common law, would have created an estate in fee tail. By operation of this statute such a conveyance is now construed to give to the ancestor an estate for life, with remainder to his *children* in fee simple. In such cases this court has uniformly construed the remainder to be vested in the children, which opens up to let in after-born children of a life tenant. *Stearns* v. *Curry,* 306 Ill. 94; *Moore* v. *Reddel,* 259 id. 36; *Winchell* v. *Winchell,* id. 471; *Richardson* v. *VanGundy,* 271 Ill. 476.

In such cases the effect of the statute makes the deed read to "A" for life, with remainder in fee to his "children." In the instant case, as we construe it, the deed is to Thomas J. Metz for life, with remainder in fee to his "children." Things that are equal to the same thing are equal to each other. It would be a strange rule to hold words which have exactly the same meaning, but which appear in different types of deeds, should be construed differently for that cause alone. The manner of arriving at the meaning of words in a deed should not control this effect, but when the meaning is found to be the same, the effect in all instances should be the same, regardless of whether it is ascertained by application of the effect of section 6 of the Conveyance Act, or by the interpretation of language used by the parties to the deed. We are of the opinion that the remainder, first vested in the two children of Thomas J. Metz, opened to let Neta V. Metz share, after the death of Thomas J. Metz.

Appellee Aura V. Henry has made a motion to dismiss the cross appeal of Neta V. Metz and Mabel M. Metz. The master in chancery found and reported that Aura V. Henry and Claude Metz were the owners in fee of five sixths of the 120 acres involved, and that Thomas J. Metz died seized of an undivided one-sixth of 72 acres, subject to the dower of Mabel M. Metz. Mabel M. Metz and Neta V. Metz joined in exceptions to the master's report

as follows: "For that the master in chancery failed to fix the interest of Neta V. Metz in the land involved, whereas he should have found that she is entitled to 5/18 of the whole 120 acres, subject to dower rights of Mabel M. Metz." This exception was sustained by the circuit court.

Cross appellants now claim this decree was wrong and that Mabel M. Metz takes 48 acres in fee because the deed involved gave Thomas J. Metz a fee-simple title. The motion to dismiss the cross appeal was taken with the case. The cross appellants by their exception induced the circuit court to enter a decree which was favorable to Neta V. Metz but not favorable to Mabel M. Metz. They now jointly by cross appeal try to obtain a construction of the deed which will be favorable to Mabel M. Metz as to the forty-eight acres, and unfavorable to Neta V. Metz for the reason, as the latter says, that she now prefers that her mother take the 48 acres in fee, and a dower interest in 72 acres, rather than that they together take what was given to them by the decree.

Parties cannot blow hot and cold in a lawsuit. The error, if any, alleged by cross appellants was induced by them, and they cannot now be heard to say the court erred in entering the form of decree requested by them. (*Kellner* v. *Schmidt,* 328 Ill. 426; *Glos* v. *Murphy,* 225 id. 58.) The cross appeal will be dismissed. This makes it unnecessary to comment upon the numerous authorities cited under this head of the case.

The interests of the parties at the present time are changed by events subsequent to the making of the deed. As pointed out, Thomas J. Metz always had a one-sixth interest in the property, not affected by the deed. His conveyance to Mabel M. Metz of 48 acres gave her title to one sixth in fee, and to his life estate, but could not convey any part of the remainder. The sheriff's deed to Claude Metz conveyed the undivided one-sixth interest in all of the land, except 48 acres, and his life tenancy.

Under the construction given the deed aforesaid, as well as the conveyances made by the parties since the delivery of said deed, the interests of the appellees and appellant in the property are correctly found by the circuit court.

The decree of the circuit court of Livingston county is affirmed.

*Decree affirmed.*