PETER H. BREWICK *et al.* Appellees, *vs.* ANDREW N. ANDERSON, Appellant.

*Opinion filed February 17, 1915.*

1. WILLS—*when only those members of a class living at time of distribution will take.* Where there is a devise to a class, as to the children of the testator, and the gift is postponed pending the termination of a particular estate which intervenes between the death of the testator and the period of distribution, those members of the class, and those only, will take who are in existence at the time for distribution, as at the death of the life tenant, unless there is language in the will showing a different intention.

2. SAME—*when grandchild must survive life tenant in order to take.* Where the testator, after giving all his estate to his wife for life, subject to the payment of his debts, provides that at the death of the wife all the estate remaining shall "be divided equally among my children, share and share alike, and in case of the death of any of my children before the distribution of my said estate, then in case they have left at said time of distribution any living issue, then said child or children to take the part of my deceased child or children," a grandchild, being the child of a daughter of the testator who was dead when the will was made, must survive the life tenant in order to take.

3. DESCENT—*when section 11 of Statute of Descent does not apply.* Section 11 of the Statute of Descent, which was enacted to prevent the lapse of a devise to a child or grandchild of the testator, does not apply where the devise is limited to the children or their issue surviving the life tenant.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

C. F. HANSON, for appellant.

DUNCAN & O'CONOR, and McDOUGALL & CHAPMAN, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Henry Johnson Brewick, who was also known as Henry Johnson, died on April 12, 1897, leaving a last will and testament, made on March 17, 1896. When the will was made he had nine living children, and a daughter, Josephine, had died, leaving her husband, Andrew Anderson, and her daughter, Clara Anderson, her heirs-at-law. The testator's wife and the nine children who were living when the will was made survived him. The grand-daughter, Clara Anderson, died intestate and unmarried during the lifetime of the widow, leaving her father, Andrew Anderson, and twelve brothers and sisters of the half-blood, her heirs-at-law. The testator disposed of his estate as follows:

"*First*—It is my will and desire to give to my beloved wife, Johanna Johnson, the full use and *controle* of all of my property, both real and personal and real estate, as long as she may live, subject only to my just debts, which I desire her to pay out of my personal estate on hand at the time of my death, and further out of the profits from my real estate as they may accrue. Said real estate being my farm of about one hundred and fifty acres of land, situated in sections twenty-three (23) and twenty-six (26), township thirty-five (35), R. 5, in the town of Mission, LaSalle county, Illinois, provisions of above section to be taken in lieu of her dower and widow's award.

"*Second*—At the death of my beloved wife, Johanna Johnson, it is my will and desire to then have all of my real estate that I die possessed of, *tagether* with all personal property then belonging to my said estate, after all just debts of my said wife have been paid, to be *devided equaly* among my children, share and share alike, and in case of the death of any of my children before the distribution of my said estate, then in case they have left at said time of distribution any living issue, then said child or children to take the part of my deceased child or children."

The widow died on January 19, 1913, and all of the children who were living when the will was made survived her. Four of them filed their bill in this case in the cir-

cuit court of LaSalle county for the partition of the lands, making the other living children and the heirs-at-law of Clara Anderson defendants, and alleging that the devise included only the nine children who were living at the time the will was made and who survived the testator. The heirs of Clara Anderson by their answer claimed that she became seized in fee simple of an undivided part of the real estate upon the death of the testator, subject only to the life estate of the widow. The controversy was submitted to the chancellor on a stipulation of the facts, and a decree was entered finding that the heirs of Clara Anderson took nothing by the will and ordering partition of the lands among the children of the testator who survived the life tenant. This appeal is from that decree.

We are to ascertain the intention of the testator from the provisions of the will and to give that intention effect unless prevented by some rule of law. He first gave his entire estate, both real and personal, to his widow for life, subject to the payment of his just debts, and at her death the whole estate, both real and personal, remaining after the payment of her just debts, was to go to his children, share and share alike. He provided that in case of the death of any of the children before the distribution of the estate, if there was any living issue of a deceased child or children, such issue was to take the portion of the deceased child or children. The widow was not only given all the estate, both real and personal, for life, but it was charged, after her death, with the payment of all her just debts, and the manifest intention of the testator was that the remaining estate should then go to his children or their descendants who might be living at the termination of the life estate. Where there is a devise to a class, as to the children of the testator, and the gift is postponed, pending the termination of a particular estate which intervenes between the death of the testator and the period of distribution of the estate devised to the class, those members of the class, and

those only, take who are in existence at the arrival of the time for distribution, as at the death of a life tenant, unless there is particular language in the will showing a different intention. (*Handberry* v. *Doolittle,* 38 Ill. 202; 40 Cyc. 1477.) The testator made no distinction between children living when the will was made or who were deceased at that time, but his intention was to confine the devise to his children and their descendants. If Clara Anderson had lived to the termination of the life estate she would have been included in the devise, but she died before that time, unmarried and without issue, and her heirs-at-law did not answer the description of persons entitled to share in the estate.

Section 11 of the Statute of Descent, which was enacted to prevent the lapse of a devise to a child or grandchild of the testator, does not apply to a case like this, where the devise was limited to the children or their issue surviving the life tenant.

The decree is affirmed.                    *Decree affirmed.*