CONRAD KOLMER, Appellee, *vs.* STEPHEN A. MILES *et al.* Appellants.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. WILLS—*estate tail at common law defined.* An estate tail at the common law was an estate of inheritance which, instead of descending to heirs generally, descended to the heirs of the donee's body or some class of such heirs, and through them to like heirs in a direct line in a regular order and course of descent so long as such heirs existed, and upon the extinction of the specified issue the estate determined.

2. SAME—*when testator does not intend children to take same character of estate they would take by descent.* Where a testator devises his lands to his wife and children in portions and shares "according to the laws of dower, homestead and descent of the State of Illinois," he thereby defines the extent of the respective interests of the devisees, but if he makes the estate subject to restrictions inconsistent with the laws of descent, it cannot be said that he intended the children to take the same character of estate which they would have taken by descent.

3. SAME—*when devise to children is not a fee simple under section 13 of the Conveyances act.* A devise to the testator's children in portions and shares according to the laws of descent of the State of Illinois is not a devise of a fee simple under section 13 of the Conveyances act, where the estate by express words is made subject to the restriction that upon the death of either of the children or their descendants the estate devised shall only descend to their heirs of the blood of the testator, failing which it shall revert to his other children then living.

4. SAME—*an estate tail may be created without formal language commonly used.* Any expression in a will showing an intention to devise a fee descendible to lineal heirs is sufficient to create a fee tail estate by the rules of the common law, and the formal language commonly used to create such estate is unnecessary.

5. SAME—*when a devise creates an estate tail with a remainder expectant on that estate.* Where a will devises the testator's real estate to his children in the portions they would take by the laws of descent, and "upon the death of either of my children or of their descendants, whatever of my estate they shall inherit through me shall only descend to their heirs of my blood, failing which it shall revert to my other children then living, it being my express will and intention that my property shall not, by virtue of any laws of descent of this or any other State, go to strangers to my blood, either by means of will, marriage or devise," the estate of the

children is an estate tail, and the devise over to brothers and sisters surviving at the time any child or his descendants shall die without heirs of the testator's blood is a remainder expectant upon that estate.

6. SAME—*effect of section 6 of the Conveyances act upon devise of an estate tail.* Under section 6 of the Conveyances act, if a will creates in the testator's children an estate tail by the common law with a gift over on failure of heirs of the children of the testator's blood, the children take an estate for life with remainder in fee simple to the grandchildren when born, subject to being diminished by the birth of other heirs of the bodies of the children who might be let in successively at birth, and as the statute operates to destroy the entail it necessarily destroys the gift over of the remainder expectant upon such entail.

APPEAL from the Circuit Court of Monroe county; the Hon. GEORGE A. CROW, Judge, presiding.

B. R. BURROUGHS, JOSEPH W. RICKERT, and BROWN-RIGG & MASON, (E. E. SCHNEPP, guardian *ad litem,*) for appellants.

CHARLES MORRISON, and TURNER & HOLDER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question submitted for decision in this case is whether the estate devised by Stephen W. Miles to his children was a fee simple or was such an estate as would have been a fee tail at the common law, which section 6 of the Conveyance act converted into a life estate in the first devisees with remainders in fee to their lineal heirs. On the amended bill for partition filed in the circuit court of Monroe county by the appellee, Conrad Kolmer, who claimed an interest in the lands through one of the children, against the appellants, children and grandchildren of the testator, the chancellor construed the will as devising an estate in fee simple and decreed partition accordingly. From that decree this appeal has been prosecuted.

Stephen W. Miles, the owner of the lands, died April 7, 1872, leaving his last will and testament, by which, after four bequests, he made the devise in question, as follows:

"I give and bequeath all the rest and residue of my lands, tenements and hereditaments, my goods, chattels, bonds, stocks, moneys, rights and credits, my property, real and personal, of whatever name and kind, wherever the same may be, to my beloved wife and children in portions and shares according to the laws of dower, homestead and descent of the State of Illinois, subject always to the payment of my just debts and the restrictions following, that is to say: I ordain that Naomi Miles, for her kindness and services to myself and family for many years, shall be entitled to and receive, for and during her natural lifetime, the income, rents, profits and proceeds of a portion of a share of my estate with and equal to that of each of my children, which estate shall be in trust for the purpose of raising her said income until her decease, then to revert in equal shares to my then surviving children or their descendants. I ordain that upon the death of either of my children or of their descendants, whatever of my estate they shall inherit through me shall only descend to their heirs of my blood, failing which it shall revert to my other children then living, it being my express will and intention that my property shall not, by virtue of any laws of descent of this or any other State, go to strangers to my blood, either by means of will, marriage or devise."

An estate tail at the common law was an estate of inheritance which, instead of descending to heirs generally, descended to the heirs of the donee's body or some class of such heirs, and through them to like heirs in a direct line, in a regular order and course of descent, so long as such heirs existed, and upon the extinction of the specified issue the estate determined. It was an estate of inheritance descendible to some particular heirs, only, of the person to whom it was granted, and if the estate devised by Stephen

W. Miles was restricted to descendants of the first devisees, so that the fee was descendible to particular heirs so long as there should be such heirs, it would have been an estate tail at the common law. The testator devised the lands to his wife and children in portions and shares according to the laws of dower, homestead and descent of the State of Illinois, and he thereby defined the extent of the respective interests of the devisees. He did not intend that the devisees should take the same character of estate which they would have taken by descent, because he immediately made the estate subject to restrictions inconsistent with an estate passing by the statutes of descent. By the devise the widow took an interest in the lands measured by the law giving her dower, and the fee was given to the children as tenants in common. The interest of the widow ceased with her death, and the life estate in a child's share devised to Naomi Miles for the purpose of raising income for her likewise came to an end and the estate was relieved from that charge. The testator, in making the devise to his children, did not use the word "heirs," which section 13 of the Conveyance act renders unnecessary to a devise of a fee simple estate of inheritance if a less estate be not limited by express words or does not appear to have been granted, conveyed or devised by construction or operation of law. The devise was not, however, of a fee simple estate of inheritance by virtue of that section, for the reason that a less estate was limited by express words and made subject to the restrictions following. The restriction affecting the character of the estate was, that upon the death of either of the children or of their descendants the estate devised should only descend to their heirs of the blood of the testator, failing which it should revert to his other children then living. The testator declared his express will and intention to be that the property devised should descend only to heirs of his own blood, and should not, by virtue of the laws of descent of this or any other State,

go to strangers to his blood, by means of will, marriage or devise.

The testator did not use the formal language commonly employed to create an estate tail, but such an estate may be created by a will without such language, and any expression showing an intention to devise a fee descendible to lineal heirs is sufficient to create a fee tail by the rules of the common law. The purpose of construing a will is to ascertain the intention of the testator and to give it effect if it does not conflict with any rule of law. If this devise would have been of an estate tail at the common law the devise will be given effect by the application of the statute, which declares that the donee shall be seized of a life estate, and the remainder will pass in fee to the heirs to whom the estate tail would have passed according to the course of the common law. That the testator had no intention of devising a fee simple, which is an estate descendible to heirs generally, is clear, for he declared it to be his express will and intention that the estate should not go to strangers to his blood by any laws of descent of this or any other State. He declared that the estate devised should be descendible only to the heirs of his children of his blood, which could mean nothing but their lineal heirs, since no other heirs could be heirs of the testator's blood. He meant that the portion given to each child should go to the descendants of such child in indefinite succession so long as there should be descendants answering the description of the devise, and if there were no such descendants the estate should revert to his other children then living, and should not, in any event, go to their heirs generally. The sense in which the word "heir" is used may be explained by the context. At the common law, if land was given to one and his heirs if he had heirs of his body, and if he should die without heirs of his body it should revert to the donor, the donee had an estate tail. (1 Sheppard's Touchstone, 103.) It is not necessary that particular lan-

guage should be used to manifest the intention of a testator, and a devise to a person and his heirs with a limitation over in case he die without issue confers an estate tail, on the ground that the testator has used the word "heirs" in the qualified and restricted sense of heirs of the body. Jarman states the law applicable to such a case in the following language: "Where real estate is devised over in default of heirs of the first devisee, and the ulterior devisee stands related to the prior devisee so as to be in the course of descent from him, whether in the lineal or collateral line and however remote, as the prior devisee in that case could not die without heirs while the devisee over exists, the word 'heirs' is construed to mean heirs of the body, and accordingly the estate of the first devisee, by the effect of the devise over, is restricted to an estate tail, and the estate of the devisee over becomes a remainder expectant on that estate." (3 Jarman on Wills,—5th ed.—96.)

The real estate in question was devised to the children and their heirs of the blood of the testator, which could only mean their descendants, and the gift over was within the rule stated. Under that rule the estate of the children was an estate tail, and the devise over to brothers and sisters surviving at the time any child or his descendants should die without heirs of the testator's blood became a remainder expectant on that estate. The testator referred to issue of the children indefinitely, at any time, for it is only when the words used denote an extinction of the specified issue, irrespective of time or any collateral circumstances, that an estate tail would be created. It is well established that such words as the testator used, if not otherwise explained by the context, import a general, indefinite failure of. issue; and this is shown to have been in the mind of the testator in this case when he provided for a failure of issue of either of his children or their descendants, as there would be no failure of issue so long as there were descendants. The testator said that, failing heirs of

his blood, the estate should revert to his other children then living, by which he necessarily meant living at the time of the failure of issue of the prior devisees, or any of them, or their descendants. The word "children," therefore, was used in a broader sense than descendants of the testator in the first degree. The word was employed to mean descendants of the testator at the time of the failure of issue of the prior devisees or their descendants. The gift over on the failure of heirs of the children of the blood of the testator became an estate in remainder expectant on the estate tail, and could not be regarded as an executory devise to take effect on an indefinite failure of issue, which would necessarily be void for remoteness.

The estate devised to the children of the testator would have been an estate tail by the common law, and by section 6 of the Conveyance act the children took estates for life and the remainder would pass in fee simple to the grandchildren when born, subject to be diminished by the birth of other heirs of the bodies of the children, who might be let in successively at birth. (*Voris* v. *Sloan,* 68 Ill. 588; *Butler* v. *Huestis,* 68 id. 594; *Frazer* v. *Peoria County,* 74 id. 282; *Lehndorf* v. *Cope,* 122 id. 317; *Welliver* v. *Jones,* 166 id. 80; *Turner* v. *Hause,* 199 id. 464; *Winchell* v. *Winchell,* 259 id. 471.) The statute operated to destroy the entail supporting the remainder, and necessarily destroyed the remainder expectant on the estate tail. The statute operating upon the estate tail to turn the entail into a fee simple, all subsequent limitations fell. It would not aid an understanding of the single question involved to state the various transfers or incumbrances of the property in detail, but with this opinion as a guide, the chancellor will be enabled to enter a decree in accordance with the law as to each and every interest in the property.

The decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions,*