(No. 13030.—Decree affirmed.)

KATE J. HICKOX *et al.* Appellants, *vs.* AUGUST W. KLA-HOLT *et al.* Appellees.

*Opinion filed February 18, 1920.*

1. WILLS—*what is a fee tail at common law.* A fee tail at common law is an estate of inheritance which, instead of descending to heirs generally, descends to the heirs of the donee's body or some class of such heirs and through them to like heirs in a regular order of descent so long as such heirs exist, and upon the extinction of the specified issue the estate determines.

2. SAME—*effect of section 6 of Conveyances act on a devise in fee tail.* By section 6 of the Conveyances act a devise which would have created a fee tail at common law creates an estate for the life of the donee with remainder in fee simple absolute to the heirs of the donee, to whom, according to the course of the common law, the estate tail would at her death first pass, the same as though the donor had in specific words devised a life estate with such a remainder.

3. SAME—*when a remainder is vested in interest although not in possession.* Whenever there is one in being capable of taking the

remainder at the termination of a life estate, the remainder is vested in interest although it must wait the termination of the life estate before it can vest in possession.

4. SAME—*there can be no remainder if the devise is of a fee simple.* A devise of a fee simple precludes any remainder, and a limitation over can only take effect as an executory devise.

5. SAME—*what is an executory devise.* An executory devise is a future estate which is to arise on some specified contingency and does not depend upon the determination of any prior estate of freehold but comes into existence on the happening of the condition or event upon which it is limited and takes effect in abridgment or derogation of the prior estate.

6. SAME—*meaning of the words "heirs of the body" and "children."* The words "heirs of the body" mean issue or descendants, and the same meaning may be given to the word "children" when used in that sense by the testator.

7. SAME—*when devise over after devise to donee and heirs of her body is indestructible.* A devise to the testator's daughter and the heirs of her body and in case of her death without heirs of the body to his other children or to their children if the parents be dead, creates, under the statute, an estate for the life of the daughter with a remainder in fee to her children, but the remainder in fee is subject to the executory devise over, which cannot be destroyed by a deed from the daughter and her children. (*Kolmer* v. *Miles,* 270 Ill. 20, distinguished.)

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding:

A. M. FITZGERALD, and HARLEIGH H. HARTMAN, for appellants.

JOHN M. PFEIFER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court: ·

George W. Chatterton, being the owner of the premises hereinafter described, made his last will and testament, by which he made devises to his three children. The eighth and tenth clauses are as follows:

291 — 35

"*Eighth*—I will and bequeath to my beloved daughter, Kate J. Chatterton, and to the heirs of her body begotten, the following described real estate, situate, lying and being in the city of Springfield, Sangamon county, Illinois, to-wit: Twenty (20) feet off of the west side of lot No. two (2), block No. twenty-two (22), in the original town plat of Springfield, Illinois, county of Sangamon, to have and to hold the same to the said Kate J. Chatterton and to the heirs of her body begotten and to her and their use and benefit."

"*Tenth*—In the event of the death of either one or more of my three children without leaving heirs of his or her body, then and in that event it is my will that the real estate above devised specifically to him or her shall become the property, jointly and in fee simple, of the survivor or survivors of my three children, and if either of my three children should die leaving children, then such children to have the share of the deceased parent."

Kate J. Chatterton married Charles V. Hickox and survived the testator, and she has three children: George C. Hickox, Sarah Hickox Lawrence and Charles V. Hickox, Jr. On May 16, 1919, Kate J. Hickox and her said children entered into a contract with Charles E. Sullivan by which they agreed to convey by a good and sufficient warranty deed to Sullivan or his nominee said real estate for the consideration of $60,000, to be paid as therein provided. They were to furnish an abstract of title showing a good and merchantable title, and if the abstract did not show a good and merchantable title a cash payment of $1000 was to be returned and the agreement to be null and void. Charles E. Sullivan nominated August W. Klaholt and Richard M. Sullivan to be purchasers of the premises under the contract and paid the cash payment. The deed was made and tendered in accordance with the contract and an abstract was furnished. The purchasers objected to the title, and Kate J. Hickox, George C. Hickox, Sarah Hickox

Lawrence and Charles V. Hickox, Jr., the appellants, filed their bill in this case in the circuit court of Sangamon county against Klaholt and Richard M. Sullivan, the appellees, praying for a specific performance of the contract. The defendants demurred to the bill, and the demurrer being sustained the complainants elected to stand by their bill and it was dismissed for want of equity.

The questions to be considered are, (1) whether the devise to Kate J. Hickox would have been a fee-tail at the common law converted by section 6 of the Conveyance act into a life estate with remainder in fee simple to the heirs of her body; (2) if that is so, whether the remainder in fee simple vested in her children, George C. Hickox, Sarah Hickox Lawrence and Charles V. Hickox, Jr., may be abridged or cut short as to the interest of either or any of them by the executory devise to take effect upon her death without leaving heirs of her body; and (3) if both those questions are answered in the affirmative, whether the warranty deed tendered would convey a good title either by the transfer of a fee or by way of estoppel.

A fee tail at the common law was an estate of inheritance, which, instead of descending to heirs generally, descended to the heirs of the donee's body or some class of such heirs, and through them to like heirs in a direct line, in a regular order and course of descent so long as such heirs existed, and upon the extinction of the specified issue the estate determined. (Sheppard's Touchstone, 102; 2 Blackstone's Com. 112; Williams on Real Prop. 43.) The devise to Kate J. Hickox being to her and the heirs of her body was the simplest form of an estate in fee tail at the common law, by which the donee had an estate tail and the donor was invested with the ultimate fee simple, expectant on a failure of the specified issue, by way of reversion. By section 6 of the Conveyance act that which would have been a fee tail in Kate J. Hickox is adjudged to be an estate for her natural life with remainder in fee

simple absolute to the heirs of her body, to whom, according to the course of the common law, the estate tail would on her death first pass. By this statute the effect of the eighth clause was the same as though George W. Chatterton had in specific words devised a life estate to Kate J. Hickox with a remainder in fee simple absolute to the heirs of her body. (*Blair* v. *Vanblarcum,* 71 Ill. 290; *Cooper* v. *Cooper,* 76 id. 57; *Anderson* v. *Anderson,* 191 id. 100; *Dick* v. *Ricker,* 222 id. 413; *Bowlin* v. *White,* 244 id. 623; *Lewin* v. *Bell,* 285 id. 227.) It has uniformly been held by this court that whenever there is one in being capable of taking the remainder at the termination of a life estate, the remainder is vested in interest although it must wait the termination of the life estate before it can vest in possession. (*Voris* v. *Sloan,* 68 Ill. 588; *Butler* v. *Huestis,* id. 594; *Frazer* v. *Supervisors of Peoria County,* 74 id. 282; *Lehndorf* v. *Cope,* 122 id. 317; *Welliver* v. *Jones,* 166 id. 80; *Moore* v. *Reddel,* 259 id. 36.) Kate J. Hickox has a life estate in the premises and the remainder in fee is vested in her three children.

The remainder in fee being vested in George C. Hickox, Sarah Hickox Lawrence and Charles V. Hickox, Jr., in the absence of a limitation over, the interest of each one at his or her death would descend to his or her heirs-at-law, either lineal or collateral; but by the tenth clause the testator provided that in the event of the death of Kate J. Hickox without leaving heirs of her body, the real estate devised specifically to her should become the property, jointly and in fee simple, of the survivor or survivors of his three children, and if she should die leaving children they should have her share. The devise being of a fee simple precluded any remainder and the limitation over could only take effect as an executory devise, which is a future estate to arise on some specified contingency and which needs no particular estate to support it. It does not wait for the determination of any prior estate of freehold but comes into existence

on the happening of the condition or event upon which it is limited and takes effect in abridgment or derogation of the prior estate.

The case of *Kolmer* v. *Miles,* 270 Ill. 20, should not be misunderstood. In that case Stephen W. Miles did not use the formal language commonly employed to create an estate tail but the language was sufficient in a will to create such an estate, and he provided that upon the death of either of his children or their descendants the estate was to descend to heirs of his blood, failing which it was to revert to his other children then living and was not to go to strangers to his blood. The common law is made use of to determine what character of estate would be devised under that law, and it was held that the estate devised would have been an estate tail at the common law and the estate of the devisee over would have been a remainder expectant on the estate tail. The devise over would not be valid as an executory devise because it was to take effect on an indefinite failure of issue and would be void under the rule against perpetuities, and, considered as a remainder, which required a particular estate to support it, the statute destroyed the entail supporting the remainder and necessarily destroyed the remainder expectant on the estate tail. The remainder expectant upon an estate tail was not affected at common law by the rule against perpetuities, because there was always someone who could cut off the entail and convert the estate into a fee, and when the tenant in tail destroyed the entail the remainder fell with it. In this case the testator used both the words "heirs of the body" and "children" in the tenth clause, first providing that in the event of the death of either one or more of his three children without leaving heirs of his or her body, the real estate devised specifically to him or her should become the property, jointly and in fee simple, of the survivor or survivors of his three children, and then providing that if either of his three children should die leaving children, then such

children should have the share of the deceased parent. The words "heirs of the body" mean issue or descendants, and the limitation over will take effect in the event of the death of Kate J. Hickox without descendants, in which event the real estate described in the eighth clause will go, by way of executory devise, to the survivor or survivors of the other children of the testator. As the testator was providing for alternative conditions respecting the existence of issue at the death of either of his children, he gave the same meaning to the word "children" in providing that they should have the share of the deceased parent as "heirs of the body" and as to both meant descendants.

Kate J. Hickox has a life estate in the real estate described in the eighth clause and in the contract with Charles E. Sullivan and the warranty deed, and the fee in remainder is vested in George C. Hickox, Sarah Hickox Lawrence and Charles V. Hickox, Jr., but in the event of the death of Kate J. Hickox without leaving a child or children or descendants, the fee will come to an end and a future estate in fee simple will arise in the survivors, and they will take as purchasers and not as heirs. The fee simple absolute declared by the statute is subject to the future interest limited upon the contingent future event, and if such future interest arises it will be by its own strength and not by derivation from the present owners of the fee. The warranty deed tendered did not convey an absolute title in fee simple, and while the makers of the deed would be estopped to claim the estate by their conveyance, persons claiming under the executory devise would not be so estopped.

The decree of the circuit court is affirmed.

*Decree affirmed.*