(No. 16344.—Reversed and remanded.)
ANNA MAY EASLEY *et al.* Appellees, *vs.* HARVEY LITTLE
*et al.*—(JOSEPHINE LITTLE, Appellant.)

*Opinion filed December 16, 1924.*

1. DEEDS—*when voluntary conveyance to grandchild is valid.* A voluntary conveyance to a grandchild of the grantor by a statutory-form warranty deed, expressing a consideration of one dollar and love and affection, constitutes a valid conveyance of the fee although it reserves in the grantor a life estate and the right "to sell, trade or dispose" of the property during her natural life.

2. SAME—*when a voluntary deed of conveyance is presumed to have been delivered.* The execution, acknowledgment and recording of a deed reserving a life estate to the grantor is *prima facie* evidence of delivery, and where the grantee is a minor grandchild of the grantor and the conveyance is a voluntary one, expressing the consideration of love and affection, the recording of the deed raises a presumption of delivery and the burden is on the contestants to disprove delivery.

3. SAME—*stipulation or condition repugnant to grant is void.* A stipulation or condition in a deed repugnant to the grant is void, and when the intention is clear, repugnant or inconsistent provisions will be rejected.

4. SAME—*intention of grantor will be given effect, if possible.* In construing deeds the purpose and intention of the grantor in making the conveyance will be given effect if the same can be ascertained from the instrument and are not inconsistent with applicable rules of law.

5. SAME—*when exercise of power to dispose of fee is ineffectual.* Where a grantor makes and has recorded a valid voluntary conveyance to a grandchild, reserving in the grantor a life estate and the power "to sell, trade or dispose" of the property during her life, a conveyance to her son-in-law without any real consideration and for the purpose of having a re-conveyance made to the grantor so as to re-vest the title in her and defeat the voluntary conveyance is not a valid or effective exercise of the power reserved in the grantor and cannot have the effect of divesting the title conveyed to the grandchild.

APPEAL from the Circuit Court of Franklin county; the Hon. C. H. MILLER, Judge, presiding.

MOSES PULVERMAN, (TILMAN B. CANTRELL, of counsel,) for appellant.

D. G. THOMPSON, and R. E. SMITH, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees, heirs of Sarah A. Little, deceased, filed their bill to partition real estate alleged to have belonged to Mrs. Little at the time of her death. The real estate consisted of farm land and a lot in the city of Benton. There is no controversy about the farm land. Mrs. Little had during her lifetime conveyed to appellant, Josephine Little, the lot in Benton, reserving to herself a life estate and the right "to sell, trade or dispose" of the property, if she desired, during her natural life. That deed is dated September 24, 1918, and was filed for record June 13, 1919. The consideration expressed in the deed was one dollar and love and affection. May 23, 1922, Mrs. Little executed a warranty deed conveying the premises to W. L. Capps for the expressed consideration of $2000, which was filed for record June 3, 1922, and June 3, 1922, Capps and wife by warranty deed reconveyed the premises to Mrs. Little for the expressed consideration of $2000, which deed was recorded the day of its date. The bill alleges the deed from Mrs. Little to Josephine was never delivered; that no consideration was paid for the conveyance; that May 23, 1922, Mrs. Little sold the premises to W. L. Capps, and he conveyed them back to her June 3, 1922; and that the deed from Mrs. Little to appellant constituted a cloud on the title of appellees. The bill prayed the appointment of a guardian *ad litem* for appellant, who was a minor twelve years old, that the deed to her be canceled and set aside and the premises partitioned among appellees. The guardian *ad litem* answered the bill for appellant, claiming she was the owner of the fee simple title by virtue of the con-

veyance from Mrs. Little, and averred that the conveyances from Mrs. Little to Capps and from Capps back to her were without consideration and were made in an attempt to defeat appellant's title and were inoperative and of no force and effect. The guardian *ad litem* also filed a cross-bill substantially along the lines of the answer. Appellees answered the cross-bill, and the cause was heard by the court. A decree was rendered finding the deed to appellant was null and void, that it was made without consideration, and that it had never been delivered. The decree also found the deeds from Mrs. Little to Capps and from Capps back to her were valid deeds and passed a good and valid title. The cross-bill was dismissed and partition decreed among appellees as heirs-at-law of Mrs. Little. Josephine Little has by her guardian *ad litem* and next friend prosecuted this appeal from that decree.

The decision of the case involves the construction and effect of the deed from Sarah A. Little to appellant, dated September 24, 1918, recorded June 13, 1919.

Mrs. Little died in September, 1923. Appellant is the illegitimate child of one of the daughters of Mrs. Little. The mother of appellant was married, and appellant had lived with her grandmother practically from the date of her birth and was living with her at the time the conveyance was made to her, and, as we understand the record, at the time of the death of Mrs. Little. The conveyance to appellant was a statutory-form warranty deed, and was sufficient, under section 9 of our statute on conveyances, to convey to the grantee a fee. The grantor reserved a life estate to herself, but did not limit the estate or interest conveyed to the grantee by the reservation of a life estate to the grantor. The deed contained a further reservation to the grantor of the right to "sell, trade or dispose" of the premises during her life, but that reservation was not intended to limit the interest or estate granted to a less estate than a fee. The decree finds the deed to appellant was

null and void; that it was made for no consideration; that the grantor owed no duty to the grantee; that the deed was not executed for the purpose of passing the title; that it was not the intention of the grantor to deliver the deed and that it never was delivered, and that appellant acquired no title by virtue of the conveyance. The decree also finds that the conveyances from Mrs. Little to Capps and from Capps back to her were good and valid conveyances and passed the title to the premises.

The deed was a voluntary conveyance to the grandchild of the grantor, and the consideration expressed was love and affection. That was a good consideration and rendered the deed a valid conveyance. (*Spencer* v. *Razor,* 251 Ill. 278.) The execution, acknowledgment and recording of a deed reserving a life estate to the grantor is *prima facie* evidence of a delivery, and where the grantee is a minor and the conveyance is a voluntary one by a parent or grandparent delivery is presumed, and the burden is on the opposite party to disprove delivery. (*Spencer* v. *Razor, supra; Valter* v. *Blavka,* 195 Ill. 610; *Buck* v. *Garber,* 261 id. 378; *Sargent* v. *Roberts,* 265 id. 210.) The only reasonable inference warranted by the testimony is that Mrs. Little had the deed recorded. Under the law and the evidence it must be held the deed was delivered.

The granting clause of the deed conveyed the fee to the grantee subject to a life estate reserved by the grantor, and the further reservation in the grantor of the right during her life to sell and dispose of the lot. In other words, it was a conveyance of the fee subject to a life estate in the grantor, and her right during her life to divest the fee conveyed by selling the premises. In no event can it be said the deed did not vest the fee in the grantee, unless it can be said the reservation of the right in the grantor during her life to sell and dispose of the property was so repugnant to the estate granted as to render the deed inoperative and of no effect to convey to the grantee any estate

or interest. The general rule, however, is, that a stipulation or condition in a deed repugnant to the grant is void. *Levy* v. *McDonnell*, 135 A. S. R. (Ark.) 183; *Wilkins* v. *Norman*, 111 A. S. R. (N. C.) 767; *Pynchon* v. *Stearns*, (Metc.) 45 Am. Dec. 210.

In construing deeds the purpose and intention of the grantor in making the conveyance will be given effect if the same can be ascertained from the instrument and the purpose and intention are not inconsistent with the rules of law applicable. When the intention is clear, repugnant or inconsistent provisions will be rejected. (See authorities cited in note to *Wilkins* v. *Norman, supra,* on p. 770.) It cannot be doubted that the purpose and intention of Sarah A. Little were to convey to appellant an interest or estate in the property. She used apt words to convey the fee, and it must be held the grant was of a fee. The grantee was a minor child and the grantor desired to retain a life estate in the property, and the right during her life, if she so desired, to divest the estate granted by selling or disposing of the lot. Clearly it was the grantor's intention when she made the deed to convey the fee to the grantee with the power reserved to divest it by a sale, if she chose to execute this power during her lifetime. If she did not, the fee became absolute at the death of the grantor. The deed was effective to convey a valid fee to appellant, subject to the rights and powers reserved to the grantor.

Appellees insist, and the decree finds, Sarah A. Little during her life made a valid sale of the property to Capps; that the sale divested appellant of her estate or interest in the property, and when Mrs. Little acquired it back by the deed from Capps it was freed from any interest or claim of appellant. If the right reserved to the grantor during her lifetime to sell the property was valid, the exercise of that right could only be valid if she made an honest, *bona fide* sale or disposition of the property. If the con-

veyance by the grantor to her son-in-law was not a sale but was part of a scheme to defeat the estate of appellant and re-vest the title in the grantor it was not an exercise of the power reserved and was ineffective to accomplish the purpose for which the deed was made.

Appellees contend the conveyance to Capps was made pursuant to an honest sale of the property to him, vested the title in him, and that he reconveyed the property to his mother-in-law because she wanted him to do so. This is disputed by appellant. The deed to Capps was made May 23, 1922, and he gave Mrs. Little his promissory note for $2000, payable in twenty days. Mrs. Little remained in possession of the property, which was her home, and never paid or agreed to pay any rent. Capps testified there was absolutely no change of any kind in Mrs. Little's possession or occupancy on account of the deed. He testified he bought the property in good faith; that it was worth around $2500, and he gave the grantor his note for $2000. He testified the heirs of Mrs. Little were dissatisfied about the deed she had made appellant, and he might have talked to them about "getting around" the deed made to her. Mrs. Easley, a daughter of Mrs. Little, testified she and Mrs. Capps and one or two other heirs were much dissatisfied about the deed to appellant, and some of them might have talked about getting the title out of appellant and back into the heirs. She would neither admit nor deny they had but said she could not remember, and could not say whether Capps was to pay the note he gave when he received the deed. F. D. Whittington, circuit clerk of Franklin county, prepared the deed from Mrs. Little to appellant and took her acknowledgment to it. The deed was left with the grantor. Mrs. Little came to the witness' office and asked him to prepare the deed. He also prepared the deeds from Mrs. Little to Capps and from Capps to Mrs. Little. The deed to Capps was prepared at witness' office at Capps' request and taken to Mrs. Little's residence, where she signed

and acknowledged the deed before the witness. Mrs. Little was sick in bed at the time. She died in September, 1923. Before the deed was executed, at Mrs. Little's request the witness went to her house, and she inquired how she could get the property transferred back into the hands of the heirs. Witness told her she had the right, under the deed, to sell it if she wanted to. After that talk Capps came to the witness' office and asked him to prepare the deed. At the time it was executed, or in the witness' office, there was talk of Capps deeding the property back to Mrs. Little, but the witness could not remember just what was said. Mrs. Little said she wanted to get the property conveyed to appellant back in the hands of the heirs, and witness told her in case she died before that was accomplished Capps would owe her estate $2000. Capps was present at the time. Ten days later Capps reconveyed the property to Mrs. Little and she gave up his $2000 note. Both deeds were recorded the same day.

It is clear the deed to Capps and the deed from him back to Mrs. Little were both without any real consideration and were made solely for the purpose of trying to re-vest the title in Mrs. Little and defeat the estate conveyed to appellant. This was not an exercise of the power reserved in Mrs. Little's deed to appellant to sell and dispose of the property. The grantor having divested herself of the fee to the property, unless she exercised the power reserved to sell and dispose of it she could not convey it as a gift to her son-in-law and then have him reconvey it to her without consideration. The deeds, therefore, were void and had no effect to divest the title of appellant and re-invest it in her grantor so that it would descend to the grantor's heirs. The decree was erroneous, therefore, in declaring those two deeds valid and effective to convey the title and declaring the deed to appellant void and of no effect and a cloud upon appellees' title. The decree should have found appellant to be the owner in fee

simple of the lot in question and have denied the relief prayed as to that property as to appellees.

The decree is therefore reversed and the cause remanded, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*