HARRY S. FARMER, Trustee, Appellant, *vs.* ELMER REED *et al.* Appellees.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

HERRICK & HERRICK, for appellant.

L. O. WILLIAMS, for appellees.

Mr. JUSTICE DIETZ delivered the opinion of the court:

Appellant, Harry S. Farmer, as trustee under the last will and testament of William O. Williams, deceased, filed a bill in the circuit court of DeWitt county to confirm his appointment as trustee under the will, to establish and quiet title in him as trustee of certain lands described in the bill, and for the construction of a warranty deed dated February 7, 1896, from Presley Williams and his wife, Jemima, to William O. Williams. The construction of the deed and the character and quantity of the estates conveyed thereby are the principal questions involved in this suit.

Certain of the defendants who are heirs-at-law of the grantor in said deed and who are the appellees in this court filed a general demurrer to the bill. The demurrer was sustained and a decree was entered dismissing the bill for want of equity. Appellant by his bill seeks to have the whole title to said lands decreed to him in fee simple, but the prayer for relief is in the alternative. If the court finds that he is not entitled to the entire property, then he asks to be decreed to be the owner of an undivided portion of the property as a tenant in common with such defendants, and for partition accordingly. The bill alleges that the

appellant is the owner in fee and that he is in the actual possession of the real estate described in the deed. By his bill he claims title, first, by virtue of the deed; secondly, he alleges that upon the death of the grantor in the deed, in 1898, William O. Williams took possession of the premises under color of title acquired by him in good faith and for value, claiming to be the owner of the said premises in fee simple, and that thereby Williams acquired title also by virtue of the seven-year Statute of Limitations. Appellant also alleges that through such possession by Williams and the subsequent and successive like possession by the appellant, the title was acquired by the appellant also by virtue of the twenty-year Statute of Limitations.

The appellant, as trustee, is the devisee of the lands in question under the fourth or residuary clause of the last will of William O. Williams, and the rights of the appellant in this case are to be determined from a consideration of the interest which Williams took by virtue of said deed, the material parts of which are as follows:

"The grantors, Presley Williams and Jemima Williams, his wife, of the town of DeWitt, in the county of DeWitt and State of Illinois, for and in consideration of love and affection and the further consideration of five ($5.00) dollars, in hand paid convey and warrant to William O. Williams and his heirs the issue of his body; provided that if the said William O. Williams should die without heirs the issue of his body, that the land hereinafter described shall go to the children of the said Presley Williams, equally share and share alike, of the county of DeWitt and State of Illinois, the following described real estate, to-wit: [Description of land.] Subject, however, to a life interest of the said Presley Williams, it being intended to reserve the control and the right to use and collect all the rents, issues and profits to the said Presley Williams for and during the natural life of the said Presley Williams, and it is expressly agreed and understood by all the parties to this instrument

that the title to the above described land is to remain in the said Presley Williams during the natural life of him, the said Presley Williams."

The grantors in this deed died prior to the death of William O. Williams, who on December 8, 1925, died testate and without having had issue. On the same day his will, in which the appellant was named as executor and trustee, was duly admitted to probate, and letters testamentary thereon were duly issued to the appellant, who qualified and is acting as such executor and trustee. At the time of the death of William O. Williams there were still living several children of Presley Williams who come within the description of the persons mentioned in the second or proviso clause of the deed.

In the statements of the parties as to their respective contentions there is much confusion. The effect of the contention of the appellant is, that by the first or granting clause of the deed William O. Williams took an estate in fee, but that if he did not, then he took an undivided interest in fee, either as one of the children of the grantor under the second or proviso clause of the deed, or as one of the reversionary heirs of the grantor. The appellant also claims the fee by adverse possession. The contention of the appellees, in effect, is, that under the first or granting clause of the deed William O. Williams took only a life estate, and that he took nothing either as one of the children of the grantor under the second or proviso clause of the deed or as one of the reversionary heirs of the grantor, and that the appellant has not acquired the title by adverse possession.

The first or granting clause of the deed conveys an estate "to William O. Williams and his heirs the issue of his body." It is urged that this language is not the equivalent of the language required to convey a fee tail estate at common law. While the formal language ordinarily employed at common law to grant an estate tail was not used, it has been repeatedly held that such an estate may be created

without the usual formal language, and that any expression showing an intention to create a fee descendible to lineal heirs is sufficient to create an estate in fee tail. (*Kolmer* v. *Miles,* 270 Ill. 20.) The words of limitation required at the common law were, "the heirs of his body begotten." (*Hickox* v. *Klaholt,* 291 Ill. 544.) Here the words of limitation are, "his heirs the issue of his body." In legal effect these phrases are equivalent. Each contains both words of inheritance and words of procreation and is sufficient to create an estate of fee tail at common law. 4 Comyn's Dig. 7; 2 Blackstone's Com. 115; *Baker* v. *Scott,* 62 Ill. 86.

Various and different phrases, which have been held by this court to be sufficient to create a fee tail estate, appear in a number of cases. (*Butler* v. *Huestis,* 68 Ill. 594; *Frazer* v. *Board of Supervisors,* 74 id. 282; *Lehndorf* v. *Cope,* 122 id. 317; *Welliver* v. *Jones,* 166 id. 80; *Kyner* v. *Boll,* 182 id. 171; *Moore* v. *Reddel,* 259 id. 36; *Voris* v. *Sloan,* 68 id. 588; *Metzen* v. *Schopp,* 202 id. 275; *Winchell* v. *Winchell,* 259 id. 471; *Lewin* v. *Bell,* 285 id. 227.) In the order cited, the words of limitation used in these cases were: "the heirs of her body;" "her heirs of her body;" "her heirs by her present husband;" "her heirs by me;" "her bodily heirs and assigns forever;" "the heirs of the body;" "the heirs of her body;" "his heirs of his body;" "during her lifetime and at her death to go to her heirs, but in case she shall die without issue;" and "the legal heirs of their bodies." In each of these cases it was held that there was created an estate in fee tail. In the case at bar the words used were, "his heirs the issue of his body." It is clear that such words, considered alone, created a fee tail estate, which, according to all of these cases, was converted, by virtue of section 6 of the Conveyance act, into an estate in William O. Williams for his natural life, only, with the remainder in fee simple absolute to the immediate heirs of his body, leaving the reversion in the grantor

and his heirs. William O. Williams was the son of the grantor, and (assuming that the grantor died intestate, which does not appear from the bill,) William O. Williams having survived the grantor would have acquired an undivided interest in fee in the lands in question as one of the reversionary heirs of the grantor if it were not for the second or proviso clause of the deed, the effect of which, as will appear later, is to divest such heirs of the reversion and to vest the remainder in fee in other persons. This clause is as follows: "Provided that if the said William O. Williams should die without heirs the issue of his body, that the land hereinafter described shall go to the children of the said Presley Williams, equally share and share alike." The deed also contained a third or reservation clause, by which a life estate was reserved in the grantor. Each of these clauses, and the intention of the grantor as indicated thereby, must be given effect, unless by so doing there is violated some positive rule of law. *Easley* v. *Little,* 314 Ill. 553; *Diller* v. *St. Louis, Springfield and Peoria Railroad,* 304 id. 373; *Harder* v. *Matthews,* 309 id. 548; *McReynolds* v. *Stoats,* 288 id. 22; *Anderson* v. *Stewart,* 285 id. 605; *Riggin* v. *Love,* 72 id. 553; *City of Alton* v. *Illinois Transportation Co.* 12 id. 38.

The legal effect of the language used in these three clauses, as well as the manifest intention of the grantor, was to create four separate estates: (1) An immediate life estate in the grantor; (2) a vested remainder for life in William O. Williams; (3) a remainder in fee in his immediate issue, contingent upon his death having had issue; and (4) a remainder in fee, by way of gift over, in those entitled to take under said proviso clause, contingent upon his death without having had issue. It is possible by deed or will to limit upon the same particular estate two concurrent fees by way of contingent remainder, as substitutes or alternatives, one to take effect in the event the other shall fail, provided that both are determined by the same con-

tingency. (*Chapin* v. *Nott*, 203 Ill. 341; *City of Peoria* v. *Darst*, 101 id. 609; *Stevens* v. *VanBrocklin*, 295 id. 434; *Hickox* v. *Klaholt, supra; Smith* v. *Chester*, 272 Ill. 428; *Drury* v. *Drury*, 271 id. 336; *Metzen* v. *Schopp, supra.*) The last two of these four estates are precisely of this class of remainders. Both are determined by the same alternative contingency—the death of William O. Williams having had issue or not having had issue. As such they may be limited upon the same particular estate, which in this case is the life estate of William O. Williams. Even though the enjoyment or possession of his estate was deferred until after the death of the grantor, it was nevertheless vested. (*Gray* v. *Shinn*, 293 Ill. 573; *Chapin* v. *Crow*, 147 id. 219; *Marvin* v. *Ledwith*, 111 id. 144.) He, in fact, survived the grantor, but even if he had not, the estate in him being vested, it was sufficient to support the two alternative remainders, one of which was bound to fail and the other of which was bound to vest immediately upon his death even though the enjoyment or possession of the latter might be likewise deferred.

Since William O. Williams died without having had issue, the contingent remainder in fee in such issue failed and the alternative contingent remainder in those entitled to take under the proviso clause, several of whom were still living, took effect by way of substitution. This is not inconsistent with the holding in the sometimes misunderstood case of *Kolmer* v. *Miles, supra,* in which the contingent remainder in fee in the issue of the life tenant had become vested in fee simple by the birth of issue, thereby defeating the gift over to the testator's children by rendering impossible the contingency upon which such gift over was determined. The statement in that case that the effect of the statute was "to turn the entail into a fee simple" must be considered in connection with such birth of issue. Standing alone the statement is not strictly accurate. The statute did not turn the entail—the contingent remainder

*in tail*—into a fee simple, but it turned it into a contingent remainder *in fee,* and the birth of issue turned such remainder into a fee simple.

William O. Williams being a son of Presley Williams is included in the class of persons mentioned in the proviso clause, and there still remains the question whether he took anything by virtue thereof. Where there is a gift, grant or devise to a class of an estate which is postponed pending the termination of a prior estate, those members of the class, and those only, take who are in existence at the time such prior estate is terminated. (*Blackstone* v. *Althouse,* 278 Ill. 481; *Drury* v. *Drury, supra; Brewick* v. *Anderson,* 267 Ill. 169; *Handberry* v. *Doolittle,* 38 id. 202.) In the case of wills this rule is subject to the statutory exception in favor of a child or grandchild in certain contingencies. (*McNamara* v. *McNamara,* 293 Ill. 54; *Kehl* v. *Taylor,* 275 id. 346; *Blackstone* v. *Althouse, supra.*) This exception has no application here. William O. Williams was not living at the time the gift over in the proviso clause took effect, and therefore he acquired nothing by virtue thereof.

Neither William O. Williams nor the appellant acquired title by adverse possession for the reason that the possession of William O. Williams was not adverse. He had an estate for life, only, and the statute did not begin to run against the remaindermen until such life estate was terminated by his death. *Brown* v. *Ray,* 314 Ill. 570; *Gibbs* v. *Gerdes,* 291 id. 490; *Schroeder* v. *Bozarth,* 224 id. 310.

The appellant has no interest in the lands in question. The bill discloses no other property of the estate of William O. Williams and affords no basis for confirming the appellant's appointment as trustee, but this is not to be regarded as an adjudication of his right to such relief in other proceedings. The circuit court was right in sustaining the demurrer to the bill.

The decree will be affirmed. *Decree affirmed.*