Wesley Tallent et al., Complainants, Defendants in in Error, v. John Tallent et al., Defendants, Defendants in Error. Farmers & Merchants State Bank of Bushnell, Plaintiff in Error.

**Gen. No. 8,628.**

Opinion filed August 20, 1932.

Downing & Helfrich, for plaintiff in error.

C. E. Chiperfield, B. M. Chiperfield, Robert B. Chiperfield, R. E. Lybarger and Joseph R. Martin, for defendants in error.

, Mr. Presiding Justice Eldredge delivered the opinion of the court.

By this writ of error it is sought to reverse a decree entered by the chancellor in the court below denying to the Farmers & Merchants State Bank of Bushnell, Illinois, leave to file an intervening petition in a suit brought by the defendants in error for the partition of certain premises situated in Fulton county, Illinois.

On September 15, 1888, the following instrument was executed:

"This indenture made this 15th day of September, A. D. 1888, by and between Wesley Osborn and Roxy Osborn, his wife, of the first part, and Harriet E. Tallent and J. T. Tallent, her husband, of the second part, all of said parties being of Fulton County, Illinois, witnesseth; that the parties of the first part in consideration of the agreements and covenants of the parties of the second part, hereinafter set forth, has remised, released, sold, conveyed and quit-claimed, and by these presents does remise, release, sell, convey and quit-claim unto the said parties of the second part, their heirs and assigns forever, all the right, title, interest, claim and demand, which the said parties of the first part have in and to the following described lots, pieces, or parcels of land, subject however to the conditions hereinafter set forth, to-wit: The south half of the southeast quarter and the northeast quarter of the southeast quarter of section four (4), township six (6) North, range one (1) east of the fourth principal meridian, in Fulton County, Illinois.

"The said J. T. Tallent hereby agrees to pay to said parties of the first part, eighty dollars as rent for said land per year as long as both Wesley and Roxy Osborn shall live and at the death of either of the parties of the first part to pay to the survivor forty dollars during the life of such survivor. The said J. T. Tallent further agreed that he will pay all taxes

assessed against said land and keep said land and the buildings and fences thereon in good repair.

"It is hereby agreed between the parties hereto that the land hereby conveyed shall be held by said J. T. and Harriet E. Tallent during their natural lives and at the death of both of them the said land shall descend to the children born to the said Harriet E. Tallent and such children shall hold said lands in fee simple in equal parts.

"And should there be no children living at the death of both J. T. and Harriet E. Tallent, then the said lands shall revert back and become part of the estate of the said Wesley Osborn.

"And further that should the said Harriet E. Tallent die before her husband, J. T. Tallent, then the said J. T. Tallent is to hold the said land during his life and at his death the children born to him and Harriet are to have and hold said lands in fee simple, and should said J. T. Tallent in the event of the death of the said Harriet E. Tallent—marry again and have children born to him by the second wife then and in that case, the children of such second marriage shall not be entitled to any right or title whatsoever in the lands hereby conveyed.

"And should said J. T. Tallent die before the said Harriet E. Tallent and said Harriet E. Tallent marry a second time, then in the event of the death of the said Harriet E. Tallent, the said lands shall descend to the children of said Harriet E. Tallent whether of the first or second marriage and such children shall become vested in fee simple in equal parts of said land.

"It is further agreed that should the parties of the second part fail or refuse to perform the covenants on their part hereby agreed, then the said party of the first part may declare this indenture void or of no effect and recover possession of the lands hereby conditionally conveyed to have and to hold the same together with all and singular the appurtenances and

privileges thereunto belonging or in anywise appertaining and all the estate, right, title, interest and claim whatever of the said party of the first part, either in law or in equity, to the only proper use, benefit and behoof of the said party of the second part, their heirs forever as hereinbefore set forth.

"And the said parties of the first part hereby expressly waive, release and relinquish unto the said parties of the second part, their heirs, executors and administrators, all right, title, claim, interest and benefit whatever in and to the above described premises and each and every part thereof which is given by or results from all laws of this State pertaining to the exemption of homesteads as above set forth.

"The condition of this indenture shall extend to and be binding upon our heirs, executors and administrators.

|                    |        |
| ------------------ | ------ |
| WESLEY OSBORN      | (Seal) |
| ROXEY OSBORN       | (Seal) |
| THOMAS TALLENT     | (Seal) |
| HARRIET TALLENT    | (Seal)'' |

J. T. Tallent died on March 7, 1929 and Harriet E. Tallent, his wife, died on the 9th day of October, 1929. There were born to J. T. Tallent and Harriet E. Tallent six children, four of whom were living and of legal age at the time the bill for partition was filed, viz.: Wesley, Glenn, Daniel and John Tallent. One of the children, Naomi Tallent, died intestate in 1912, leaving her surviving, her husband, Boyd Wilson, and two children, a daughter, now Grace Hutchens, and a son, Curtis Wilson, a minor, and no descendants of any deceased child or children and no other heirs at law. Another brother, Tommie Tallent, died intestate in 1910 and was never married.

On October 18, 1929, Wesley Tallent, Glenn Tallent and Daniel Tallent filed a bill for partition of the premises mentioned in the deed hereinabove set forth in which, after setting out the above facts, it is averred

that by a decree entered June 30, 1925, in a divorce case of *Mary Tallent v. John Tallent,* it was decreed that Mary Tallent have as her sole and absolute property an undivided one-third interest in and to the above described real estate, and that since said decree she has married one Jesse Stephenson and is now Mary Stephenson. The cause was referred to the master in chancery who correctly found the interests of the parties to the partition suit as to which no question is involved in this case. The court approved the master's report and ordered the sale of the premises which was accordingly done and the master sold the property April 14, 1930 for the sum of $3,950, of which 25 per cent of the purchase price or $987.50 was paid by the purchaser on the day of sale. On the same day the court approved the master's report of sale, directed him to collect the balance due of the purchase price and ordered a distribution of the proceeds. On April 19, 1930, plaintiff in error made a motion in this cause to be made a party defendant and for leave to file its intervening petition therein praying that the proceeds of the sale of the real estate involved, now in the hands of the master in chancery, be subjected to the payment of the claim of the bank and that the decree directing distribution be modified, and that the master be directed to stay distribution of the proceeds of the sale until further order of the court, and, as reasons for the allowance of said motion attached thereto, it is alleged that during the lifetime of Wesley Osborn and Roxy Osborn, the said J. T. Tallent, pursuant to the terms of said written instrument, paid to them as rent for said land, the sum of $80 per year as long as both Wesley Osborn and Roxy Osborn lived, and that he paid the survivor $40 per year thereafter until the death of such survivor; that he paid all taxes assessed against said land from the date of said instrument until his death and during that time kept said land and the buildings and fences thereon in good re-

pair; that at the death of said J. T. Tallent his interest acquired by him under said instrument descended to his heirs, who at that time were also the children of Harriet E .Tallent and her only heirs, and that at the death of Harriet E. Tallent the interest in said real estate acquired by her under and by virtue of said instrument descended to the children born to said Harriet E. Tallent who were the only heirs at law of Harriet E. Tallent and J. T. Tallent.

It is further alleged that J. T. Tallent died intestate and letters of administration in his estate issued out of the county court of Fulton county and that Harriet E. Tallent died intestate and letters of administration were issued in her estate out of said court; that there is not sufficient personal property in the estate of either J. T. Tallent, deceased, or Harriet E. Tallent, deceased, to pay the debts and costs of administration of either of said estates, and that the interest of said J. T. Tallent and Harriet E. Tallent in said real estate above described are the only assets of either or both estates out of which the debts and costs of administration thereof can be satisfied; that at the time of the death of J. T. Tallent and Harriet E. Tallent they were indebted to plaintiff in error in the principal sum of $800 together with the interest thereon from December 22, 1928, at the rate of six per cent per annum for money borrowed by them in their lifetime from plaintiff in error, which indebtedness is evidenced by their promissory note for said amount, which is still due and unpaid and the claim of the bank based upon said promissory note has been filed in the county court of Fulton county and allowed by said court in its favor as a claim against the estate of J. T. Tallent, deceased; that neither the administrator of the estate of J. T. Tallent, deceased, nor the administratrix of the estate of Harriet E. Tallent, deceased, has been made a party defendant to this suit and that if plaintiff in error is not permitted to intervene at

this time its interest will be jeopardized and it will be compelled to bring a multiplicity of suits in seeking to enforce its claim aforesaid, etc.

On April 23, 1930, the court allowed the motion ''for the purpose of allowing movent to be made a party defendant herein for the purpose of filing an intervening petition herein only. Whereupon comes the said petitioner and files herein its said petition to intervene. Whereupon now here in open court a hearing is had before the court on the said petition, and the court now here in open court being fully advised in the premises doth deny said petition of the said petitioner for leave to intervene herein.''

It is the theory of plaintiff in error that all the conditions of the deed having been performed by J. T. Tallent during the lifetimes of Wesley Osborn and his wife Roxy Osborn before the latter's decease, J. T. Tallent and Harriet E. Tallent under the terms of the deed became seized in fee simple as tenants in common of the premises mentioned therein, and that said lands became subject to the debts of J. T. Tallent and Harriet E. Tallent. It is contended by defendants in error that John T. Tallent and Harriet E. Tallent took but life estates under the deed and therefore the premises are not subject to the debts of the grantees. In the case of *Anderson v. Stewart,* 285 Ill. 605, the court cites with approval as the proper rule for the construction of deeds the doctrine announced in 8 R. C. L. 1046: ''The modern tendency is to ignore the technical distinctions between the various parts of a deed and to seek the grantor's intention from them all, without undue preference to any, giving due effect to all, including both *habendum* and granting clauses, where such can reasonably be done, in order to arrive at the true intention, even to the extent of allowing the *habendum* to qualify or control the granting clause where it was manifestly intended that it should do so.'' In construing a deed each clause, and the intention of

the grantor as indicated thereby, must be given effect unless by so doing some positive rule of law is violated. (*Farmer v. Reed*, 335 Ill. 156.) It will be noticed that the deed provides: ''That all parties of the first part in consideration of the agreements and covenants of the parties of the second part, hereinafter set forth, has remised, released, sold, conveyed and quit-claimed, and by these presents does remise, release, sell, convey and quit-claim unto the said parties of the second part, their heirs and assigns forever, all the right, title, interest, claim and demand, which the said parties of the first part have in and to the following described lots, pieces, or parcels of land, *subject however to the conditions hereinafter set forth*, to-wit:'' Keeping in mind the above provision and considering in connection therewith all the other agreements and conditions set out in the deed, but one logical conclusion can·be arrived at and that is that the real intention of the grantors was to convey but life estates to John T. and Harriet E. Tallent upon conditions. ''Conditions may be annexed to every species of estate or interest in real property, and are therefore more properly qualifications of other estates than a distinct species of themselves.'' (21 C. J. 928, sec. 31.) A life estate may be made to depend upon a contingency, upon the happening of which the estate may be defeated before the death of the grantee. However indefinite or uncertain the duration of the estate may be, yet if there is a possibility that it may extend to life, it becomes a life estate. (21 C. J. 938, sec. 59.) It was held in the case of *Michie v. Wood*, 26 Va. 571, where the grant was so long as the tenants might pay a stipulated rent that the grantees were seized of a life estate. In our opinion J. T. Tallent and Harriet E. Tallent under the terms of this deed took conditional life estates subject to be terminated by the failure of J. T. Tallent to pay the rentals required.

A motion has been made by defendants in error to dismiss the writ of error or transfer the cause to the Supreme Court on the ground that a question of title to real estate is involved and therefore this court has no jurisdiction. No title to the real estate is involved because the defendants in error are conceded to have the legal title to the real estate whether they took as remaindermen under the deed or by direct inheritance as the children and heirs of John T. and Harriet E. Tallent. In either event they are tenants in common holding the title in fee simple, the only question involved being a construction of the deed to determine whether they acquired their title as remaindermen under the deed or by direct inheritance. The motion is denied.

John T. and Harriet E. Tallent having had only life estates in said premises, the same were not subject to their debts after their decease. It follows therefore that the court did not err in denying leave to intervene and the judgment of the circuit court is affirmed.

*Affirmed.*