Edward Levings et al., Executors, v. Joseph P. Wood et al., Appellants. Mary B. Carnahan and ten others, Appellees.

Gen. No. 8,015.

Opinion refiled April 12, 1928. Rehearing denied January 4, 1928.

ATKINSON & NICHOLS, for appellants; C. T. ATKINSON and A. W. NICHOLS, of counsel.

TROGDON & DOLE, for executors.

ACTON, ACTON & SNYDER, for appellees; CHARLES McKNIGHT, Guardian *ad litem*.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted by Ada Wood Dodson, Otho Wood and Adria Wood Dodson, parties defendant in a bill of equity, from a decree of the circuit court of Edgar county, construing certain clauses of the last will and testament of John B. Wood, deceased. The testator died August 22, 1925, leaving an estate amounting to the sum of $337,836.86, which was specifically devised and bequeathed among his heirs at law and other beneficiaries named by him. His last will was duly probated in the county court of Edgar county and Edward Levings and Stephen I. Headley were appointed executors of the estate and duly qualified as such. Thereafter they filed a bill in equity for the construction of the will. The fifth paragraph of the will contains the clauses including a residuary clause, which are the subject of this controversy. These clauses are as follows:

"After all properties of my estate is sold; money collected, taxes, expenses and executors paid, I give and bequeath to each of my nephews and nieces as follows:

To Mary L. Wood the sum of Fifteen thousand dollars.
To Glenn C. Wood the sum of Fifteen thousand dollars.
To Jennie C. Wood the sum of Fifteen thousand dollars.
To Ada Wood Dodson the sum of Fifteen thousand dollars.

To Otho Wood the sum of Fifteen thousand dollars.
To Adria Wood Dodson the sum of Fifteen thousand dollars.
To Daniel B. Wood the sum of Ten thousand dollars.
To Edwin C. Wood the sum of Ten thousand dollars.
All of above parties of Bardstown, Kentucky.

"I also give and bequeath to the children or heirs of Jesse C. Buckler and Louisa Buckler, namely:
To Adria Buckler the sum of Five thousand dollars.
To Belvia Buckler the sum of Five thousand dollars.
To Jessie L. Buckler the sum of Five thousand dollars.
To Ona F. Buckler the sum of Five thousand dollars.
To Dennie Wood Buckler the sum of Five thousand dollars.

"The amount or legacy so bequeathed to the said Dennie Wood Buckler shall by his parents be deposited in Bank at interest, or may loan on real estate until said boy arrives at the age of twenty-one years. Should there be balance or remainder after all legacies are paid, it shall be equally divided between all those who have shared any part or parcel in my estate Executors and all shall share, and share alike."

It appears from the evidence that Jonathan C. Wood, one of the brothers and legatees of the testator, and two of the other legatees, namely, Marcia Brown and Ona Buckler, were deceased at the time of the testator's death; and it is conceded that in this situation the legacy to Jonathan C. Wood of $25,000 and the legacy of $1,000 to Marcia Brown lapsed. The disputed question which arises concerning these lapsed legacies is whether they became a part of the residuary estate and are therefore governed by the residuary clause, which provided that "should there by a balance or remainder after all legacies are paid, it shall be equally divided between all those who have shared any part or parcel in my estate Executors and all shall share, and share alike," or are disposed of by section 11, chapter 39 of the Statute of Descent, Cahill's St. ch. 39,

¶ 11. The decree appealed from finds that the lapsed legacies became a part of the residuary estate and that distribution should be made in accordance with the terms of the residuary clause of the will. The other controverted question which has arisen concerns the legacy of Ona F. Buckler, who prior to her death had become married to Howard Porter, and left her husband surviving and her son Howard Vernon Porter her heir at law. The chancellor construed the terms of the will pertaining to the legacy of Ona F. Buckler to mean that her heir at law became substituted for her and entitled to the legacy at her death, and so found in the decree. The language of the will however specifically gives this legacy to Ona F. Buckler as one of the children and heirs of Jesse C. Buckler and Louisa Buckler, and no provision is made in the will for vesting the legacy in her heir or heirs in case of her death before the decease of the testator. We are of opinion, therefore, that the legacy referred to lapsed, and that it is in the same legal category as the lapsed legacies of Jonathan C. Wood and Marcia Brown. This brings us to a consideration of the other controverted matter, namely, whether the lapsed legacies became a part of the residuary estate, or became intestate estate. Appellants contend that the remainder of the estate resulting from the lapsed legacies referred to, under section 11 of the Statutes of Descent, became intestate estate. Section 11 is as follows: "Whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate." The language of

this section indicates that it has reference particularly to devises and legacies made to children or grandchildren of the testator, and this is the construction placed upon the section referred to by the Supreme Court. *Gillette v. Plimpton,* 253 Ill. 147; *Brewick v. Anderson,* 267 Ill. 169; *Walker v. Walker,* 283 Ill. 11. Inasmuch as none of the legacies in question were given to any children or grandchildren of the testator, we conclude that section 11 does not apply to the devises and legacies in question. It is apparent from the wording of the residuary clause that the testator did not intend any part or parcel of his estate to become intestate property, but that it was his wish that, if there was any balance of his estate remaining after the legacies had been paid, it should be equally divided among all the persons who had shared any part or parcel of his estate under his will, including the executors. Those who shared parts of his estate are Joseph P. Wood, Miriam S. Wood, Mary B. Carnahan, Mary F. Brown Roberts, William T. Moore, Mary J. Moore, Mary L. Wood, Glenn C. Wood, Jennie C. Wood, Ada Wood Dodson, Otho Wood, Adria Wood Dodson, Daniel B. Wood, Edwin C. Wood, Adria Buckler, Belvia Buckler, Jessie L. Buckler, Dennie Wood Buckler, Jesse C. Buckler and Louisa Buckler; and the executors are Stephen I. Headley and Edward Levings. Each of the persons named therefore would be entitled to receive an equal share of the testator's remaining estate.

For the reasons stated, we conclude that the finding in the decree disposing of the legacy to Ona F. Buckler Porter to her son Howard Vernon Porter is erroneous, and that part of the decree is reversed and cause remanded with directions to enter a decree distributing the remainder of the estate resulting from the lapsed legacies, including the legacy to Ona F. Buckler, in accordance with the provisions of the residuary clause as herein stated.

*Reversed in part and remanded with directions.*

ADDITIONAL OPINION ON DENIAL OF PETITION FOR RE-
HEARING.

In their petition for rehearing the appellants insist
the court overlooked the applicability to this case of
the law emphasized in *Belleville Sav. Bank v. Ane-
shaensel*, 298 Ill. 292, 303, where the court said: "It
is a general rule that specific lapsed legacies fall into
the general residuary fund and are to be distributed
among the residuary legatees. There is an exception
to this general rule, that when the legacies are given
to several legatees and the residue is bequeathed to the
same legatees it follows that the residue will not in-
clude a lapsed legacy to one of them." The appellants
argue that the present case comes within the exception
pointed out. It will be noticed, however, that in this
case the residue is not bequeathed to the same legatees
to whom legacies are given in the will, but the two
executors are also included to share as legatees in the
distribtuion of the residue, and that, therefore, the
exception referred to does not apply to this case.

*The petition for rehearing is denied.*